**FRAZIER et al. v. COWART et ux.**

No. 4439.

Court of Civil Appeals of Texas. El Paso.

Oct. 18, 1945.

Murray J. Howze, of Monahans, for appellants.

W. H. Barnes, of Terrell, and R. T. Harris, of Monahans, for appellees.

McGILL, Justice.

This is a child custody case. It is unique in that the controversy is between the mother of the child joined by her husband, its step-father, and the child's maternal grandparents. Appellants, as petitioners, applied for a writ of habeas corpus against appellees as respondents and sought award of custody of the child. Trial was by the court without a jury. The judgment awarded custody to respondents, gave petitioners the right of visitation at all reasonable times, and enjoined respondents from removing the child from the State of Texas.

Appellants present but one point, i.e., that there was no evidence to justify the award of custody of the child to appellees as against the rights of its mother and that such award constituted an abuse of the trial court's discretion. For convenience, the parties will be hereinafter referred to as in the trial court. At the request of petitioners, the court filed findings of fact and conclusions of law. The findings of fact form the basis of the judgment. Rule 299, Texas Rules of Civil Procedure..

We reproduce the findings and conclusions which we deem material:

"3. Each party sought the custody of such minor child in the course of their trial pleading and attacked the fitness of the other party. This cause was tried at a hearing at Pecos, Texas, on April 16, 1945, which hearing was adjourned until the 27th day of April, 1945, to enable Respondents to secure additional evidence. At the conclusion of the hearing, on May 2, 1945, the Court awarded the custody of said minor to the Respondents F. T. Cowart and wife Mrs. Ora Cowart.

"4. The Petitioner Ida Marie Frazier is twenty-two years of age. She is the mother of the minor in question and the daughter of Respondents F. T. Cowart and wife Mrs. Ora Cowart. J. W. Frazier is the stepfather of said child. Said child was born on the 11th day of June, 1940, to said Ida Marie Frazier during a previous marriage to W. B. Beck, from whom said Petitioner was divorced in October, 1943 and in which divorce proceeding she was given the custody of said child; and she thereafter on December 11, 1943, married her Co-Petitioner J. W. Frazier.

"F. T. Cowart is fifty-one years of age and his wife, Mrs. Ora Cowart is fifty-one years of age. They not only raised the Petitioner Ida Marie Frazier but have had the exclusive custody and maintenance of the minor in question, Frances Jeanett Beck, from the time she was four months old until about September 15, 1944. Said minor has an allotment made for it by its father, who is in the military service of the United States Government, which allotment amounts to thirty dollars ($30.00) per month.

"5. Said minor, Frances Jeanett Beck, was born to Petitioner Ida Marie Frazier on June 11, 1940, and when said minor reached the age of four months she became dangerously ill and she was left by her mother in the custody and to the care of Respondents, such Petitioner not being able to provide for or maintain said child or secure proper medical attention for it. Respondents, from such time, until the 15th day of September, 1944, reared, cared for and maintained said child, nursed it back to health and provided proper medical attention for it, and apparently furnished a suitable home, proper care and attention and proper surroundings for said child. That during said period of time the Petitioner Ida Marie Frazier paid little atten-

tion to said child and evidenced little interest in its welfare, made no effort to provide for it or maintain it or furnish it with medical attention or assist in defraying expenses of its care, and in fact during said period used a part of said allotment paid to her for the care of·said child for her own use and benefit. That except for the amount received from said allotment during said period, the Respondents defrayed all the expenses of maintaining said child.

"6. About the 15th day of September, 1944, Petitioner Ida Marie Frazier, without the knowledge of Respondents, removed said child from the home of Respondents in Wood County, Texas, and brought it to the home of Petitioners in Howard County, Texas and since such removal Petitioners have had the custody of said child, first in Howard County and thereafter in Ward County, Texas until just prior to the bringing of this suit, at which latter time the Respondents recovered possession of said child, which recovery of possession resulted in this proceeding being instituted.

"That from the time Petitioner Ida Marie Frazier removed said child from the home of Respondents in Wood County, Texas, and up to the time Respondents recovered possession of said child, Petitioners have looked after said child and provided it with all the comforts and necessities of life and maintained it in a proper and wholesome manner.

"7. That Petitioner Ida Marie Frazier is a woman of good moral character, but up to the time she married J. W. Frazier, as aforesaid, she was unstable and unsettled in character and disposition, and drifted from place to place and from job to job, evidencing but little interest in the child and no settled purpose in life, but since her marriage to J. W. Frazier she has corrected such disposition and attitude, and maintains her home and herself in the proper manner.

"That J. W. Frazier for a period of twelve (12) years prior to January, 1944, was an habitual criminal; that during said period, in addition numerous arrests for misdemeanors, he was tried, convicted and sentenced in the courts and at the dates hereinafter set out, towit:

"In January, 1935, he was convicted of theft in the District Court at Antlers, Oklahoma, and sentenced to five years in the State penitentiary of the State of Oklahoma.

"On May 4, 1938, he was convicted in the District Court of Howard County, Texas,

of driving a car while intoxicated, and sentenced to five days in jail and to pay a fine of fifty dollars ($50.00).

"In July, 1938, he was convicted in the United States District Court at Muscogee, Oklahoma, of violating the Internal Revenue Act, and given a sentence of five years, which sentence was suspended, and he was put on probation. This sentence was thereafter enforced.

"In 1941 he was convicted in the District Court of El Paso County, Texas, and given a sentence of two years in the Texas penitentiary.

"That since January, 1944, the said J. W. Frazier has not been charged with a law violation, and at all times since said child has been in the custody of Petitioners he has had a steady job and had the respect of his employers.

"8. That F. T. Cowart and his wife Mrs. Ora Cowart are settled in their attitude toward life. That the said F. T. Cowart is a worker, earning a living as a laborer and as a carpenter. The said F. T. Cowart and wife Ora Cowart, however, at one time operated several dance halls wherein they served meals and permitted young men to dance with employees for ten cents a dance. That during said period of time they permitted Ida Marie Frazier, at a time when she was fifteen years (15) of age, to work and dance in such dance halls, but except for such business and such acts, the record does not reflect upon the character of F. T. Cowart and wife Mrs. Ora Cowart. That with such exception, they have maintained a comfortable home for their children, raised them with proper discipline and furnished them with all of the necessities and comforts they required, furnished them with an opportunity to go to school, and so conducted themselves as to produce the proper moral atmosphere around said home.

"Conclusions of Law.

"2. Ida Marie Frazier, as the mother of said minor, is entitled to the custody of said minor as against the Respondents, unless the best interest of said child requires that it be placed elsewhere.

"3. Since J. W. Frazier, until January, 1944, was an habitual criminal, and Ida Marie Frazier, the child's mother, neglected and abandoned it at a time when it was dangerously ill and left it with its grandparents, who, from such time until September, 1944, had the exclusive care, custody, control, and maintenance of said child, all of which they apparently maintained in a proper manner, and since the mother of said child, in addition to failing to provide for its maintenance, actually appropriated to her own use a part of the allotment made by the child's father for its maintenance, it is the opinion of the Court that the best interest of said child requires that it be placed in the custody of Respondents, its grandparents."

■ It is apparent from the above findings that when Frances Jeanett' Beck was four months of age and dangerously ill, her mother voluntarily transferred and delivered her into the custody of respondents who performed all the duties incumbent upon the mother as her natural guardian until she was removed from their home without their knowledge by her mother on September 15, 1944. Petitioners sought to recover her legal custody by a writ of habeas corpus. They thereby invoked the equitable discretion of the court to disrupt private domestic relations which the mother herself had brought about. Under such circumstances, the court will not grant the relief unless upon all the facts, the best interests of the child would be promoted thereby. Legate v. Legate, 87 Tex. 248, 28 S.W. 281.

■■ The oft-cited case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, following Weir v. Marley, 99 Mo. 484, 12 S.W. 798, 6 L.R.A. 672, laid down the rule that in such cases there is a legal presumption in favor of the parents' custody. That is, a presumption that the best interests of the child will be subserved by the custody of its parents, unless it appears otherwise by satisfactory evidence, and that upon him who so avers devolves the burden of proof. This legal presumption is a strong presumption, and the burden of overcoming it is not met by a showing merely that the parent has promised to give the custody to another or has been guilty of some act or conduct justifying criticism or that the interests of the child would be as well served by leaving it in the custody of its grandparents. Garner v. Bowles, Tex.Civ.App., 233 S.W. 300, loc. cit. 302 (W.R.) "The proof must go further, and show the unfitness of the parent as a whole, or his (or her) inability to meet and fulfill the ultimate purpose of the law, to wit, to serve the best interests of the child."

This may be done by establishing facts other than the disqualification of the parent showing that the best interests of the child demand that it remain in the custody

of another. Dunn v. Jackson, Tex.Com. App., 231 S.W. 351.

It does not appear from the above findings that Mrs. Frazier is disqualified either by "misconduct or misfortune" to have the custody of her daughter. The court finds that she is a woman of good moral character (7). There is no finding that she and her present husband are not financially able and willing to maintain the child and provide it with a suitable home. That they are able and willing to do so may be inferred from the findings that from the time Mrs. Frazier removed the child from the home of respondents until respondents recovered possession of her "petitioners have looked after said child and provided it with all the comforts and necessities of life and maintained it in a proper and wholesome manner" (6); and that since her marriage to J. W. Frazier, Mrs. Frazier "maintains her home and herself in the proper manner" (7). In view of these findings, the findings that prior to her marriage to J. W. Frazier "she was unstable and unsettled in character and disposition and drifted from place to place and from job to job evidencing but little interest in the child and no settled purpose in life" (7); and that she used a part of the allotment paid to her for the care of the child for her own use and benefit (5); and the further finding embodied in conclusion of law (3) that she "neglected and abandoned it at a time when it was dangerously ill and left it with its grandparents" are insufficient to show her disqualification. Garner v. Bowles, supra. Indeed, from a careful reading of the statement of facts, we are unable to say that under the circumstances with which she was confronted at the time of the child's illness, she did not act in its best interest in placing it with her parents where it probably could receive better care and attention than she was able to give it.

The burden of proof was upon respondents to show her disqualification. The court's findings as well as the facts appearing in this record reveal that they totally fail to do so. It does not necessarily follow that they failed to discharge the burden resting upon them to overcome the legal presumption in favor of the mother's custody. Under the rule enunciated in Dunn v. Jackson, supra, they could meet such burden by establishing facts other than her disqualification showing that the best interests of the child demanded that she remain in their custody. The findings disclose that during the time the child was in their custody, respondents properly reared, cared for and maintained her, provided her with medical attention, nursed her back to health, and furnished her with a suitable home and proper surroundings; that they defrayed all the expenses of maintaining her except for the amount they received from an allotment of $30 per month made by her father who is in the military service of the United States Government (5); that respondent F. T. Cowart earns a living as a laborer and carpenter and respondents have maintained a comfortable home for their own children, furnished them with all the necessities and comforts they required and reared them in a proper moral atmosphere, with the possible exception that they at one time operated several dance halls and permitted young men to dance with their employees and their daughter (Mrs. Frazier) then fifteen years of age (8). From these findings it is deducible that appellees are suitable persons both morally and financially to have the custody of the child and that, apart from those God-given "sentiments of affection" written in the hearts of parents which establish "between them and their children ties which can not exist between the children and any other persons" they are as well if not better qualified to discharge the obligations of parenthood than Mrs. Frazier, and that the interest of the child will be as well if not better served by leaving her in their custody. But this is not enough. State ex rel. Wood v. Deaton, supra; Garner v. Bowles, supra.

The conclusion that "the best interest of the child requires that it be placed in the custody of respondents, its grandparents" in our opinion, can be sustained only on the findings incorporated in finding No. 7 relating to J. W. Frazier. It is true that, in a sense, he is only a formal party to this suit. However, an award of custody of the child to her mother would necessarily make her future, to a certain extent, depend upon his. At least so long as her mother is his wife, he would in a large measure participate in her future. These findings and this record reveal that he is now conducting himself as a worthy and upright citizen, deserving of aid and sympathy in overcoming the stigma of an unfortunate past. But he had enjoyed this status for less than two years and a half at the time of the trial. In awarding the custody of this child the trial court could properly consider his criminal record; the time elapsing between it and

the date of trial, and the effect it might have on the child's future. It was the duty of the court to safeguard the welfare of this child in every way within his power—in short, to exercise the judgment of a wise and prudent father. For the reasons indicated, this record fails to disclose that in the judgment rendered, the trial court abused his discretion.

The judgment is affirmed.