Commonwealth ex rel. Human *v.* Hyman,
Appellant.

Argued October 6, 1948. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Arthur C. Thomas,* for appellant.

*John Edward Sheridan,* for appellee.

OPINION BY HIRT, J., January 14, 1949:

Harold Samuel Hyman, a natural child, whose custody is the subject of this proceeding, was born on March 11, 1945. Respondent is its father; Viola Human, the mother, died three days after its birth. Respondent assumed full responsibility for the nurture of the child from the date of its birth. He paid the cost of care of the child in the hospital for three weeks in addition to the hospital and burial expense of its mother. On the discharge of the child from the hospital he took it into his own home where it remained under the full-time care of Mrs. Arlene Kane, employed by him as a nurse, until about June 1, 1947. At that time Mrs. Kane's husband returned from the Service and she rejoined him. Respondent's wife then, as now, was employed in business and was away from the home, and was not in position to care for the child, during the day. Respondent then placed the child temporarily with a Mrs. Bowling. Thereafter at the request of the respondent, Carrie Human, the relatrix took the child into her home. He arranged to supply the child with milk and in addition agreed to pay her $75 per month for the maintenance of the child. In December, 1947, the child was taken from the relatrix by Mrs. Kane and brought to respondent's home at his request, against the will of relatrix. Since then Mrs. Kane spends each day in respondent's home and has cared for the child as its nurse, until 7 p.m. Respondent and his wife, who returns from her employment each night about 6:30, attend to the needs of the child when Mrs. Kane is not there. The child is well cared for in a comfortable home in a fine residential section of Philadelphia. This is conceded.

As to legitimate children the general rule is that the father, if suitable, is entitled to their custody, because

of his obligation to maintain and educate them. And his legal right to the custody, care and companionship of his child, though not absolute, *(Heinemann's Appeal,* 96 Pa. 112) will not be interferred with except for the most substantial reasons affecting the child's welfare. *Wanner v. Williams,* 117 Pa. Superior Ct. 59, 177 A. 329; *Com. ex rel. Miller v. Wagner,* 160 Pa. Superior Ct. 536, 52 A. 2d 235. Essentially the same principles apply to the right of a father to the custody of his illegitimate child.

Respondent, in law, is a putative father; actually he is more than that. He not only admitted, he asserted his paternity immediately on the birth of the child. He gave the child his name and has provided well for its care and maintenance. Since he is a person suitable in every respect to be entrusted with the custody of his child, the question here is ruled by *Pote's Appeal,* 106 Pa. 574, where it is said: "The putative father of an illegitimate child is entitled to the custody of the child, as against all but the mother; if the mother be dead, and the father a suitable person, it shall be taken from the maternal grand-parents and delivered to him." The claim of the relatrix, here, as aunt of the child, certainly is no higher than that of the grandparents of the child in *Pote's Appeal.* The above rule is rooted in English precedents referred to and followed in *Moritz v. Garnhart,* 7 Watts 302, to this effect: "It may be safely said, then, that the law recognizes the rights of putative paternity for purposes of nurture and education"; as to a child born out of wedlock the rule was thus stated: ". . . the ties of nature are respected in regard to its maintenance. The putative father, though not legally related to it, is so far considered its natural guardian as to be entitled to the custody of it."

The relatrix has not demonstrated that the best interests of the child would be subserved in any respect by an award of custody to her. All that the record discloses is that she has had experience as a practical

nurse; that she is a widow, able and willing to care for the child in her home, which admittedly is adequate and is well furnished and well kept. Where a child, regardless of its legitimacy is in the custody of its father, that relationship cannot be disturbed on habeas corpus except upon a showing that the father is not a suitable person, or for other substantial reasons affecting the welfare of the child, such proof is entirely lacking in this case.

Under the Act of July 11, 1917, P. L. 817, 12 PS §1874, relating to appeals in cases involving the custody of children, it is for us, in the exercise of an independent judgment based upon the evidence, to make such order "as to right and justice shall belong": *Commonwealth v. Tweedy*, 74 Pa. Superior Ct. 577. We think the child is well placed with its father.

The order is reversed and the custody of the child is awarded unconditionally to its father, the respondent.