HENDERSON *v.* HALE.

308

*Wheeler, Robinson & Thurmond,* for plaintiff in error.

*E. C. Stark, H. W. Davis* and *Jackson S. Davidson,* contra.

Almand, Justice. T. M. Henderson, in a petition charging that Mrs. Minnie Hale was illegally detaining his son, Thomas M. Henderson Jr., age 14 years, prayed for a writ of habeas corpus, and for an order restraining the defendant from prosecuting her application in the Court of Ordinary of Jackson County to be appointed guardian for such child. On a hearing of the petition, the defendant filed her response, in which she alleged, among other things, that on the request of the child, he being more than 14 years old, she was on February 23, 1952, appointed guardian of the person and property of said minor in the Court of Ordinary of Jackson County, and as such guardian she had lawful custody of the child. Counsel for the plaintiff orally requested the court to postpone the hearing in order for counsel to prepare written demurrers to the response. Error is assigned on the refusal to grant this request. The court announced that the response raised a question of jurisdiction, and that it would proceed only to a hearing on this question. Over objection, the court admitted in evidence certified copies of the proceedings in the Jackson Court of Ordinary, consisting of (a) selection by Thomas M. Henderson Jr. of the defendant as his guardian; (b) petition of Mrs. Hale to be appointed guardian of the person and property of said minor; (c) order appointing Mrs. Hale guardian of said child; and (d) letters of guardianship issued to the defendant. All of these proceedings were dated February 23, 1952. The plaintiff testified that he was the father of Thomas M. Henderson Jr.; that his wife, the mother of said child, who had the legal custody of the child, died on February 21, 1952; that as natural guardian he did not consent to the appointment of the defendant as guardian for his child, and had never received any notice of the defendant's application to be appointed guardian. The court, on March 15, 1952, entered the following order:

"The above stated matter coming on regularly for hearing on this date, and the jurisdiction of this court as a habeas corpus court, and the judge thereof sitting as such, having been challenged by a plea setting up that the question involved has heretofore, on February 23, 1952, been adjudicated by the Court of Ordinary of Jackson County, Georgia, wherein Mrs. Minnie Hale is alleged to have been on that date by that court appointed guardian of the person and property of the child involved, and alleged to have been over 14 years of age. After hearing evidence, it appearing that there was such a judgment, and the same being regular on its face, the court is of the opinion that same can not be collaterally attacked, and that it is an adjudication of the right of custody of said child, and so finds. It is thereupon considered, ordered and adjudged that the plea to the jurisdiction of setting up the foregoing facts be and is sustained, and that this court and the judge thereof sitting as a habeas corpus court does not have jurisdiction to again pass upon the question of the right of custody which has been so adjudicated by the court of ordinary, and that he can not hear any attack on same, but that same must be attacked, if at all, by a direct proceeding in the court wherein it was rendered."

■ The plaintiff objected to the admission in evidence of the certified copies of the proceedings in the court of ordinary on the grounds: (a) all the proceedings took place on the same date, and sufficient time to run a citation had not elapsed before the appointment of the guardian; (b) the plaintiff, the natural guardian, being in life, the court of ordinary had no power to appoint a guardian of the minor's person; and (c) the appointment was not made at a regular term of the court of ordinary.

The proceedings in the court of ordinary showed that the minor was over 14 years old, and that he had selected the defendant as his guardian, and the order appointing the guardian recites that the child is a minor orphan. There is nothing on the face of these proceedings which shows that the father was in life, or that the child had a guardian. The court of ordinary had jurisdiction to make such an appointment under such a state of facts (Code, § 49-105), and, though notice by citation must be given as to the appointment of a guardian for a minor under 14 years of age (Code, § 49-112), there is no statutory

requirement for the giving of notice by citation as to a minor over 14 years old. Code § 24-2104, as amended by the act approved February 15, 1952 (Ga. L. 1952, p. 213), provides that the ordinary may issue letters of guardianship at any time except on Sundays and holidays. Code § 24-2101 provides that the regular term of the court of ordinary shall be held on the first Monday in each month, but that the ordinary may continue the court in session from day to day as the business of the court may require. In *Barclay* v. *Kimsey*, 72 *Ga.* 725 (1d), it was held that a court of ordinary had authority to appoint an administrator at an adjourned term of the court. Though it is apparent on the face of the proceedings that the appointment of the defendant as guardian was not made on the first Monday in February, there is nothing in the record to show that the order of February 23 was not passed at an adjourned term of the court. It will therefore be presumed that the court was in lawful session at the time the order appointing the guardian was entered. *Wright* v. *Clark*, 139 *Ga.* 34 (1) (76 S. E. 565). "The court of ordinary being a court of general jurisdiction, where the record is silent it is to be presumed in favor of one of its judgments that every fact necessary to make it valid and binding was before the court." *Jones* v. *Smith*, 120 *Ga.* 642 (1) (48 S. E. 134).

The proceedings on their face being regular, and failing to show a lack of jurisdiction in the court of ordinary in making the appointment, it was not error to admit certified copies thereof in evidence.

■ After the plaintiff had testified that he was the father of the minor child, and after the introduction in evidence of the proceedings under which the defendant was appointed guardian of the person and property of the child, counsel for the plaintiff asked permission of the court to amend the petition in order to allege that the judgment of the court of ordinary was obtained by fraud, and to make a direct attack upon it in the proceedings then before the court. In denying this request, the court ruled that the plaintiff could not make such an attack on the judgment, in that the judgment could only be attacked by a direct proceeding in the court of ordinary. This ruling, as well as similar rulings of the court in its final order, is assigned as error.

In these rulings the court erred. Code, §§ 110-709, 110-710. A superior court may set aside as void the judgment of a court of ordinary where an allegation of fact in a petition to the court of ordinary, which was necessary to give the court jurisdiction, was known by the petitioner to be false, and therefore was a fraud upon the court. *Hamilton* v. *Bell*, 161 *Ga.* 739 (3a) (132 S. E. 83); *Abercrombie* v. *Hair*, 185 *Ga.* 728, 731 (3) (196 S. E. 447); *Bowers* v. *Dolen*, 187 *Ga.* 653 (1) (1 S. E. 2d, 734); *Rivers* v. *Alsup*, 188 *Ga.* 75 (2 S. E. 2d, 632). In the instant case, the plaintiff prayed for equitable relief in addition to his prayer for issuance of the writ of habeas corpus, and in such a proceeding the plaintiff could make a direct attack upon the judgment of the court of ordinary appointing the defendant as guardian of the minor child. *Beavers* v. *Williams*, 199 *Ga.* 113 (2b) (33 S. E. 2d, 343).

It appears without dispute that, at the time the ordinary appointed the defendant as guardian, the father was the natural guardian of the person of the minor child, and that he had not forfeited his right to the custody of the child. Upon the death of the plaintiff's wife, who had legal custody of the child, the right to custody automatically passed to the plaintiff (*Girtman* v. *Girtman*, 191 *Ga.* 173 (5), 11 S. E. 2d, 782); and in such a situation, the plaintiff being the natural guardian of his son, the court of ordinary was without authority to appoint the defendant guardian of the person of such child. Code, § 49-104; *Beard* v. *Dean*, 64 *Ga.* 258; *Jordan* v. *Smith*, 5 *Ga. App.* 559 (63 S. E. 595). It is apparent from the record appointing the defendant guardian that the court treated the child as being an orphan minor. Clearly, the plaintiff had the right to make a direct attack on the judgment appointing the defendant guardian, on the ground that the defendant concealed from the court of ordinary the fact that the child's father, the plaintiff, was his natural guardian. Such concealment would be a fraud upon the court for the reason that, the father being the natural guardian, the court of ordinary was without power to appoint another as guardian.

Having held that the court erred in ruling that the plaintiff could not make a direct attack on such judgment, it becomes unnecessary to pass upon the assignment of error that the court

erred in refusing to grant the plaintiff's motion for a continuance, in order to enable the plaintiff to file demurrers to the response. The effect of the trial court's judgment being to dismiss the plaintiff's petition, upon return of the remittitur in this case and the reinstatement of the petition, the plaintiff will have the right to file objections and demurrers to the defendant's response.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*