18403, 18406.   HALE *v.* HENDERSON; and *vice versa.*

ARGUED NOVEMBER 9, 1953—DECIDED JANUARY 11, 1954.

*E. C. Stark, Henry W. Davis, Jack S. Davidson,* for plaintiff in error.

*Wheeler, Robinson & Thurmond,* contra.

ALMAND, Justice.   T. M. Henderson filed a petition, praying that the writ of habeas corpus issue against Mrs. Minnie Hale on account of the illegal detention of petitioner's 14-year-old son, and alleging: While petitioner and Frances Hale, his wife and the mother of said child, were living separate and apart, an agreement was entered into between them whereby the custody of the child was awarded to her, and petitioner was obligated to pay $75 per month for his support; and in a subsequent decree of divorce between petitioner and his said wife petitioner was required to pay said sum monthly for the support of said child. Frances Henderson died on February 21, 1952, and petitioner thereupon automatically, by operation of law, became entitled

to the custody of said child. The defendant, Mrs. Hale, took possession of the child on the death of his mother, and is attempting to secure letters of guardianship of him.

The matter came on for hearing, and Mrs. Hale filed her response, in which she claimed that she was entitled to the child's custody by reason of the fact that she had been appointed guardian of his person and property on February 23, 1952, by the Court of Ordinary of Jackson County, and as such guardian had lawful custody of him. The court, after admitting in evidence certified copies of the proceeding appointing the defendant guardian, refused to allow petitioner to attack the judgment of the court of ordinary on the ground of fraud, and entered an order sustaining defendant's plea to the jurisdiction. This order was reversed in *Henderson* v. *Hale,* 209 *Ga.* 307 (71 S. E. 2d 622). On return of the remittitur, petitioner filed demurrers and objections to defendant's response. These were heard by the court, but no order was entered thereon. After a hearing the court entered an order setting aside and nullifying the judgment of the court of ordinary appointing defendant guardian of the child, and heard evidence on the sole question of whether petitioner had lost control of his child by abandonment and failure to furnish the necessaries of life for his support. At the conclusion of the hearing, an order was entered awarding custody of the child to petitioner. Defendant, assigning error on this judgment, brings the case here for review by main bill of exceptions; and plaintiff by cross-bill complains of the court's failure to sustain his demurrers to defendant's response.

1. On the hearing, the defendant sought to introduce evidence as to certain acts of cruelty and the failure of the plaintiff to supply the necessaries of life to the child, and as to his having abandoned him prior to the divorce decree. The court refused to hear any evidence as to these matters occurring prior to the grant of the divorce decree in which the child was awarded to Frances Henderson, the mother, and confined the evidence, in so far as it related to abandonment, to matters occurring since the grant of the divorce. There was no error in these rulings, for the reason that any act or conduct on the part of the petitioner that would illustrate whether or not he had abandoned his child was foreclosed by the agreement between the parties, which was subsequently made the decree of the court, whereby the father

had surrendered the control and custody of the child to the mother.

2. Upon the death of the mother in February, 1952, she at that time having lawful custody of the child, the prima facie right of custody inured to the father. *Chapin* v. *Cummings*, 191 *Ga.* 408 (12 S. E. 2d 312). In such circumstances, the father's right to custody could only be lost upon one of the grounds enumerated in Code §§ 74-108, 74-109, 74-110. The defendant by amendment to her response asserted that the father had not complied with the terms of the award of alimony for the support of the child, by his failure to make the payments provided under the order, and had failed to contribute anything to the support of the child after the death of the mother. The father having the prima facie right to the custody of the child, the burden was upon the defendant to prove by clear and strong evidence her contention that he had lost such right by abandonment. *Roebuck* v. *Calhoun*, 201 *Ga.* 496 (40 S. E. 2d 142). The trial judge found as a matter of fact that the father had complied "almost literally with the provision agreed on and provided in the decree for alimony for the child in so far as his support is concerned. . . Only $100 was paid into the trust fund provided for by the contract. . . However, the father has not failed to meet expenses for the college education or for any serious illness of the son so far as is made to appear from the evidence." Our examination of the record shows that these findings were fully supported by the evidence.

As to the claim of the defendant that the father abandoned his child by reason of his failure to support him in any manner since the death of the mother, though the evidence shows without dispute that the father has not since the death of the mother contributed anything to the support of the child, under the circumstances of this case such fact does not warrant a finding that the father has abandoned his child. The undisputed evidence is that, the day after the mother's death, the father, through an agent, made demand upon the defendant for the possession and custody of his child and this demand was refused. Within five days from the death of the mother the defendant obtained an order from the court of ordinary appointing her as guardian of the child. On the inception of the habeas corpus proceeding the defendant contended that she was entitled to the

legal custody of the child by reason of the fact that she was his legal guardian, and, after the guardianship papers were annulled she took the position that the father had abandoned his child. Under Code § 49-201, when she was appointed guardian her power over the ward was the same as that of a father, she standing in his place, and she was under a duty to protect and maintain the child. Where parental duty and control are lost to a third person by any of the ways recognized by law, such person stands in loco parentis to the child, with the duty and obligation to provide for its welfare. *Waldrup v. Crane*, 203 *Ga.* 388 (46 S. E. 2d 919). Under these circumstances, the father, making an effort immediately upon the death of the mother to recover the custody of his child, cannot be said during such period to have abandoned the child.

The evidence supports the judgment of the trial court awarding the child to the father.

The judgment on the main bill of exceptions being affirmed, the cross-bill will be dismissed.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur, except Duckworth, C. J., not participating.*