296 P.2d 298

ARIZONA STATE DEPARTMENT OF PUBLIC WELFARE; C. E. Budlong, Ted Walker, Alf B. Claridge, Robert C. Bohannon, Jr., Dr. David M. Solomon, as members of and constituting the Board of the Arizona State Department of Public Welfare; and Wayne B. Warrington, Commissioner of the Arizona State Department of Public Welfare, Appellants,

v.

Daniel BARLOW and Elnora Black Barlow, Orval Johnson and Naomi Johnson, Dan Calvin Jessop, and Dorothy Norvell Jessop, Jennie Mae Bistline, Gerald Ray Williams and Fayilla Maureen B. Williams, Appellees.

Nos. 6080, 6081, 6082, 6083, 6084.

Supreme Court of Arizona.

April 17, 1956.

Gibbons, Kinney & Tipton, Phoenix, for appellees.

STRUCKMEYER, Justice.

Appellees, the parents of seventeen minor children, presented to this court five original petitions for writs of habeas corpus seeking to secure the custody of their children from the appellant Arizona State Department of Public Welfare. This court then being of the opinion that oral evidence would be required to sustain the averments of the petitions, directed that return be made to the Honorable Henry S. Stevens sitting in Division 8 of the Superior Court of Maricopa County, Arizona. After an extensive hearing that court declared that the detention of the children by appellants was illegal and ordered their release to their respective parents. The present appeal followed.

On September 10, 1953, these children and others, all residents of Short Creek, Arizona, were determined by the Superior Court of Mohave County in juvenile hearings to be dependent and neglected within the meaning of Section 46–117, A.C.A.1939, as amended, now A.R.S. § 8–201, and were ordered placed in the custody of the Arizona State Department of Public Welfare. It was alleged in the applications for writs of habeas corpus that the Superior Court of Mohave County had denied certain fundamental rights to the parents, in violation of due process of law. No issue was framed either by the petition or the return nor was evidence offered or received concerning the

Robert Morrison, Atty. Gen., Gordon Aldrich, Asst. Atty. Gen., for appellants.

252

fitness of petitioners to have custody of their children or whether it was to the children's best interest and welfare that they be detained in the custody of appellants. The Superior Court of Maricopa County found as a fact that petitioners were denied the active participation of their attorneys in the juvenile hearings in Mohave County. This finding is not challenged but the court's conclusions of law that the failure to permit the active participation of appellees' attorneys at the juvenile hearings denied basic constitutional safeguards are assigned as error. Appellants' argument on appeal is predicated on the premises (1) that appellees were not entitled to be represented by an attorney in the juvenile hearings in Mohave County as such hearings are by statute required to be informal and (2) that in any event since appellees were accorded all the essential elements of due process of law in the habeas corpus hearing, they could not complain of the denial thereof in the juvenile hearings.

 Initially it should be emphasized that the questions presented do not embrace the rights of minors in juvenile hearings and accordingly this opinion is limited to a consideration of the rights of other persons who may be affected by the determination of custody. We recognize that a proceeding involving a dependent or delinquent juvenile is neither criminal nor penal in character and that the objective thereof is, as the case may be, the protection or rehabilitation of the child. Shioutakon v.

District of Columbia, D.C.Mun.App., 114 A.2d 896. Because the child has attained a favored, beneficent status in our social and legal systems does not detract from the well-settled rule that the right of parents to the custody of minor children is both a natural and a legal right. Harper v. Tipple, 21 Ariz. 41, 184 P. 1005; In re Winn, 48 Ariz. 529, 63 P.2d 198. While the right to custody is not absolute because the parent may be deprived thereof by the state in the best interest and welfare of the child, Dickason v. Sturdavan, 50 Ariz. 382, 72 P.2d 584; Fladung v. Sanford, 51 Ariz. 211, 75 P.2d 685, we are compelled to agree with the Court of Appeals of New York that "no court can, for any but the gravest reasons, transfer a child from its natural parent to any other person". People ex rel. Portnoy v. Strasser, 303 N.Y. 539, 104 N.E.2d 895, 896. Moreover:

"The best of intentions and the greatest zeal to care for neglected, dependent, or delinquent children do not justify the violation of the constitutional provisions as to due process that are involved in removing a child from the custody of its parent. * * *" In re Godden, 158 Neb. 246, 63 N.W.2d 151, 156.

 It has been repeatedly stated under a variety of circumstances that representation by one's duly constituted attorney is fundamental to our system of administration of justice. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158;

Roberts v. Anderson, 10 Cir., 66 F.2d 874; In re Tate, D.C., 63 F.Supp. 961; In re Hill, 78 Cal.App. 23, 247 P. 591; Arnold v. Fort Worth & D. S. P. R. Co., Tex.Civ. App., 8 S.W.2d 298; Camhi v. Camhi, Dom. Rel.Ct.N.Y., 25 N.Y.S.2d 559.

■ "What, then, does a hearing include? Historically and in practice, in our own country at least, it has always included the right to the aid of counsel when desired and provided by the party asserting the right. The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. * * * *If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense."* (Emphasis supplied.) Powell v. State of Alabama, supra, 287 U.S. 68, 53 S.Ct. 64.

" * * * It would seem necessarily to follow that if he is entitled to a hearing, he is likewise entitled to be represented by counsel, if he desires such representation; and that he also has the right to present evidence and adduce witnesses. Otherwise, the right to an appearance before the Board may be but a futile gesture. * * * " In re Tate, supra, 63 F.Supp. 962.

■ In our opinion the denial of the right to effective participation of counsel constitutes a denial of due process of law so gross as to lack a necessary attribute of a judicial determination. We hold that an order or judgment of a Superior Court which is predicated on a hearing in which a parent is denied the opportunity to be heard by counsel if requested is void. Cf. In re Frinzl, 152 Ohio St. 164, 87 N.E.2d 583; Phoenix Metal Corporation v. Roth, 79 Ariz. 106, 284 P.2d 645.

■ It is urged by appellants that the state, having an interest in the child as parens patriae, should provide the kind of hearing which will be most conducive to the child's understanding—that the atmosphere of the hearing should approximate the kindly inquiry of a loving parent. This is a desirable end to be achieved. It conforms to the understanding of sociologists and psychologists in the era in which we live. In re Holmes, 379 Pa. 599, 109 A.2d 523. It is undoubtedly reflected in the language of the legislature of this state that "the hearing of any matter involving a child shall be informal * * *". R.S.A. § 8–229. However, we do not think the "informality", supra, may extend to the divesture of the fundamental right of the parent to be represented by counsel, if requested, when a substantial interest is dependent upon the outcome of the hearing. By the constitution, Article 6, § 6, the Superior Court is established as a court of

general common law and equity jurisdiction. It is specifically empowered to determine proceedings affecting children under the age of eighteen years. While the constitution provides some distinctive procedure in juvenile matters, there is no language used from which an intention can be inferred to dispense with the fundamental rights of parents appearing before it when as a court of general jurisdiction it is exercising its constitutional powers in a juvenile matter. The informality referred to in A.R.S. § 8–229, supra, is simply legislative authorization for the court to disregard technical matters of procedure which do not affect the fundamental rights of litigants to due process of law.

As stated, appellants argue that since appellees had the right on habeas corpus to a determination of whether it was to the children's best interest and welfare to be returned to the custody of their parents, at which time they were accorded all the essential elements of due process of law, they could not complain of the denial thereof by the Mohave County Superior Court in the juvenile hearings. Ordinarily the sole function of the writ of habeas corpus is to determine the right to detain the individual of his liberty, Oswald v. Martin, 70 Ariz. 392, 222 P.2d 632. When the writ is used to invoke the court's equity powers to determine the custody of a minor child, it is not the personal liberty of the child but its welfare that is involved. In re Winn, supra.

In the present case the writ was not used to invoke the court's equity powers. The single issue presented to the Superior Court on habeas corpus was the legal right of the appellants to detain the children from their natural parents under the commitment of the Superior Court of Mohave County which, as we have shown, was void. Neither party submitted evidence as to whether it was to the best interest and welfare of the children that the parents be deprived of the custody. Since it is the legal presumption that an award of custody to a parent is to the best interest of the child, People ex rel. Yarmulnick v. Hoff, 323 Ill. App. 535, 56 N.E.2d 324; Paulson v. Windelow, 236 Iowa 1011, 20 N.W.2d 470; and since the burden is upon the party seeking to withhold a child from its natural parents or to deprive the natural parents of custody to establish that it is not to the best interest and welfare of the child for the parent to retain custody, Hale v. Henderson, 210 Ga. 273, 79 S.E.2d 804; People ex rel. Yarmulnick v. Hoff, supra; Ex parte De Castro, 238 Mo.App. 1011, 190 S.W.2d 949; Commonwealth ex rel. Human v. Hyman, 164 Pa.Super. 64, 63 A.2d 447; People ex rel. Portnoy v. Strasser, supra; Denessen v. Taylor, 198 Or. 347, 255 P.2d 148; Frazier v. Cowart, Tex.Civ.App., 191 S.W.2d 94, the Superior Court of Maricopa County did not err in directing that the children be returned to their natural parents.

Judgment affirmed.

LA PRADE, C. J., and UDALL, WINDES and PHELPS, JJ., concur.