619 P.2d 1073

**In the Matter of the Appeal in Pima County, JUVENILE ACTION NO. J–64016.**

No. 2 CA–CIV 3716.

Court of Appeals of Arizona,
Division 2.

Nov. 24, 1980.

Rubin & Myers by Stephen M. Rubin, Tucson, for appellant.

Robert K. Corbin, Atty. Gen., by John R. Evans, Asst. Atty. Gen., Tucson, for appellee DES.

Kathleen Alistair McCarthy, Tucson, for appellee Minor Child.

Lawrence E. Condit, Tucson, for appellee Foster Parents.

OPINION

HATHAWAY, Chief Judge.

A juvenile court order declaring a minor child to be dependent and awarding his care, custody and control to the Department of Economic Security (DES) with physical

custody in certain foster parents is appealed by the child's mother. Briefs have been filed by the appellant/mother, DES, the attorney for the child, and the foster parents. Several issues have been presented by appellant as grounds for reversal. We need address but one which is dispositive and requires reversal.

On August 8, 1979, DES filed a petition in juvenile court alleging the minor child was dependent in that he was in need of effective parental care and control which his mother was unable to provide because of extreme emotional problems affecting her ability to provide care and supervision for the child. DES requested the court to grant temporary custody to it pending a hearing on the matter. The notice served on the mother advised her that a dependency petition had been filed, that a hearing on the petition and on temporary custody was set for September 5, 1979, that the court had ordered the child committed to the care, custody and control of DES pending the hearing, that she might appear at the hearing and be represented by counsel and that counsel would be appointed upon a showing of lack of financial ability to retain her own counsel.

A temporary custody order was signed by the juvenile court judge on August 13, 1979, declaring the minor to be a temporary ward of the court and awarding his temporary care, custody and control to DES. An emergency placement hearing was conducted the following day and the court approved placement of the minor with the foster parents.

Appellant appeared at the September 5 hearing and at the outset requested appointment of counsel. The court found her indigent and thus eligible for a court–appointed attorney. Considering the allegations of the dependency petition as denied by the mother, the court then proceeded to hear testimony from a DES caseworker, a social worker, and the foster father. Letters written by the latter two witnesses were read by the court and admitted into evidence. The DES caseworker recommended continuation of the foster home placement pending a contested hearing to be scheduled. At the conclusion of his testimony, the court asked appellant whether she had any questions she wanted to ask. Appellant, speaking through an interpreter, responded:

"I would like to continue to see my child more frequently, because I've been only able to see him once this month."

This was appellant's sole participation in the September 5 hearing. The court found the minor to be "temporarily a dependent minor child" and ordered his temporary care, custody and control awarded to DES with actual physical placement in the home of the foster parents. The court further ordered that an attorney be appointed to represent appellant and that a review hearing be held January 16, 1980. On September 18, 1979, counsel was appointed for appellant.

From January 16, 1980, until the final hearing on May 27, 1980, numerous hearings relative to the dependency issue and visitation were held. The foster parents continuously opposed unsupervised visitation with appellant and it was not until April 3 that the court ordered unsupervised visitation at the mother's home for a 24–hour period on alternate weekends.

After the May 27 hearing, the court made extensive findings of fact and concluded that appellant was unable to provide proper and effective parental control. The child was adjudicated dependent. Visitation on alternate weekends, as previously provided, was ordered to continue and a review hearing was set for November 5, 1980, unless an earlier review was required by any of the parties.[1]

■ Appellant contends that she was denied due process of law when the court proceeded with the September 5 hearing while she was unrepresented by counsel. Both DES and the attorney for the minor

---

1. A request for change of visitation was filed September 12, 1980, by the state, but the court declined jurisdiction as this appeal was pending.

child concede that this was error,[2] and we agree. A.R.S. Sec. 8–225(B) provides:

"If a child, parent or guardian is found to be indigent, the juvenile court shall appoint an attorney to represent such person or persons unless counsel for the child is waived by both the child and the parent or guardian."

 This statute is legislative recognition that due process requires appointment of counsel in a dependency proceeding where the parent faces losing custody of a child. As noted above, appellant requested appointment of counsel. The court made the requisite finding of indigency and indicated that counsel would be appointed to represent her. However, as temporary placement of the child had already been accomplished, the court should have proceeded no further on the dependency issue until appellant was represented by counsel. Instead, evidence was presented relative to dependency, with no real opportunity for cross–examination, and the court found the child to be temporarily dependent, a status for which we find no statutory definition. That the court did in fact consider the dependency issue is borne out by the fact that a "review" hearing was set for January 1980, more than four months later. Furthermore, our review of the entire record discloses that the only basis for certain findings of fact is evidence presented at the September 5 hearing. We therefore cannot say that because appellant was represented by counsel at all the subsequent hearings, the absence of counsel at the September 5 hearing was harmless error. As stated by our Supreme Court in *Arizona State Department of Public Welfare v. Barlow*, 80 Ariz. 249, 296 P.2d 298 (1956):

"In our opinion the denial of the right to effective participation of counsel constitutes a denial of due process of law so gross as to lack a necessary attribute of a judicial determination. We hold that an order or judgment of a Superior Court which is predicated on a hearing in which a parent is denied the opportunity to be heard by counsel if requested is void. (Citations omitted)" 80 Ariz. at 253, 296 P.2d at 300.

When appellant requested appointment of counsel on September 5, the court should have done nothing more than appoint counsel and set a date for hearing the dependency petition. We are particularly troubled that almost ten months elapsed from the filing of the dependency petition until final adjudication. In the interim, appellant was deprived of her fundamental right to custody of her child.

Since appellant was not afforded counsel at the September 5 dependency hearing, a critical stage of the proceedings, she was denied due process. The juvenile court order adjudicating her child dependent must be set aside and the cause remanded for a new hearing of the dependency issue.

Reversed and remanded.

HOWARD and RICHMOND, JJ., concur.

---

**2.** We have not considered the briefs filed by the foster parents. Although they were permitted to actively participate in the proceedings below, they are not parties. A.R.S. Sec. 8–515(D)(2) accords them a right to participate. This right, however, means participation in dispositional proceedings as an interested third party. *In re People in Interest of C.P.*, 34 Colo.App. 54, 524 P.2d 316 (1974).