689 P.2d 183

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. JS–4942.**

**No. 1 CA–JUV 218.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 9, 1984.

Barry P. Levine, in pro. per.

Rawlins, Burrus & Lewkowitz by Chester J. Peterson, Phoenix, for appellee Segal.

OPINION

OGG, Judge.

This is an appeal by Barry Paul Levine, the natural father of the juvenile. The

specific question raised in this appeal is whether the father was given a proper hearing before his parental rights were severed.

The facts pertinent to a resolution of this case, as presented to the trial court, are set out below. The appellee, Ivy Leslie (Levine) Segal, the natural mother of the juvenile, initiated the case by filing a petition for termination of the parent-child relationship of Barry Paul Levine. The appellant father answered the petition and requested that an attorney be appointed to represent him. The court appointed Glenn C. Johnson as the father's attorney. The father was serving a sentence at the federal prison in Lompoc, California. He had been convicted of serious narcotics offenses and had been sentenced to serve prison time of four years on two counts to run concurrently. Additionally, he was sentenced to serve five years on a third count, which sentence was to run consecutively to the four year prison terms.

The court held a hearing on March 30th and 31st, 1983, without the presence of the father, and continued the hearing until June 24, 1983 to give the father a chance to testify. The father did not appear for the continued session which forms the issue of this case.

After hearing the evidence the court, as part of the order for judgment, entered the following Conclusions of Law:

1. That the Court has jurisdiction over this matter pursuant to A.R.S. 8-531 et seq.

2. That the petitioner has failed to carry her burden (i.e. clear and convincing evidence) that the respondent has abandoned the child.

3. That the petitioner has failed to carry her burden that he has been convicted of a felony of such nature to prove his unfitness as a parent (though this is open to debate).

4. That the respondent has been deprived of his civil liberties and the sentence is of such a length that the child will be deprived of a normal home for a period of years (9).

The trial court entered an order terminating the parent-child relationship of the father to the juvenile and awarded custody of the minor juvenile girl to her mother, Ivy Leslie Segal.

The father filed a motion for a rehearing, or in the alternative, a notice of appeal. The court denied the motion for rehearing and treated the motion as a notice of appeal. We find we have jurisdiction to decide this case.

Based on the evidence before the trial court, this court cannot say there was any error in the order of severance. However, we cannot tell from the record whether the appellant father was ever properly notified of the severance hearings. In open court on June 24, 1983, the following conversation took place:

THE COURT: ... The record should reflect that this matter was recessed from its last hearing to this date until yesterday and ultimately until this morning so that Mr. Golston could cross-examine Mr. Levine.

And that Mr. Johnson could call Mr. Levine as a witness for the respondent:

Mr. Johnson, could you bring us up to date on the latest whereabouts of Mr. Levine, why he is not here?

MR. JOHNSON: Yes, Your Honor, I would be happy to. Unfortunately, Mr. Levine is not here. My information from a Mr. Ochoa at the Federal Probation Office here in Phoenix as recently as last week was that all arrangements were made for Mr. Levine's attendance here on furlough status.

\*  \*  \*  \*  \*  \*

I had not heard from him.

\*  \*  \*  \*  \*  \*

I attempted—I had not heard from my client as of yesterday.

Mr. Levine denies he was ever advised of the hearing on June 24, 1983 by his lawyer or anyone else until he appeared for what he thought was the scheduled hearing in Phoenix on June 27, 1983.

It is clear that the father's rights were violated if he was improperly notified of the wrong hearing dates. The trial judge could not help but feel the father was not sufficiently interested in his parental rights. The trial judge, as part of the Findings of Fact, said: "At the first hearing, the respondent was unable to appear because of his incarceration in Federal Prison in Lompoc, California and why he was not present at the hearing scheduled for June 24, 1983 is unknown to Court and counsel; ...."

A parent is entitled to a hearing before the parental rights are severed. The evidence justifying such a severance must be clear and convincing to satisfy the due process clause of the fourteenth amendment to the Constitution of the United States. *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *see also, Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).

We must therefore remand this case for an evidentiary hearing to determine if Mr. Levine was given proper notice of the evidentiary hearings where his parental rights to the juvenile were terminated.[1] The right to custody and control of one's own child is a fundamental right. *In the Appeal in Gila County Juvenile Action No. J-3824*, 130 Ariz. 530, 637 P.2d 740 (1981). If appellant was given proper notice of the hearings and he was given effective assistance of counsel, this case is affirmed. If he was not properly notified of the hearings or if he was not given effective assistance of counsel, a new hearing on the petition for the termination of the parent-child relationship is ordered.

This case is remanded for hearing. Within 90 days the hearing shall be held, the trial court shall make findings, and the findings shall be forwarded to this court with the transcript of the record of the hearing.

JACOBSON, Acting P.J., and CONTRERAS, J., concur.

---

1. At the new hearing, as ordered by this court, the father, if he so petitions, shall have a new attorney appointed to represent him.