972 P.2d 241

**DENISE H., Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Omar S., Ryan S., David S., and Andy R., Appellees.**

No. 2 CA–JV 97–0067.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 15, 1998.

Karen M. Hayden, Tucson, for Appellant.

Terry J. Dalke, Tucson, for Appellee Natural Father.

Grant Woods, The Attorney General, By Sara S. Wisdom, Tucson, Attorneys for Ap-

ESPINOSA, Judge.

¶ 1 The mother of three boys, born June 24, 1982, January 20, 1988, and April 16, 1989, appeals from the juvenile court's order terminating her parental rights. Counsel has filed a brief seeking to have this court review the record for fundamental error pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). We decline to do so and affirm the court's order severing the mother's rights.

¶ 2 Each of the boys has a different father. The children were removed from the mother's home in December 1994 after her boyfriend hit the youngest child on the hand with a board with a nail in it. The removal followed a previous referral in which the oldest child, then twelve, had been found caring for six other children, the youngest of whom was fourteen months, and had no idea how to reach his mother in the event of an emergency. The children were adjudicated dependent in February 1995, and this court affirmed that adjudication in August 1995. *Cochise County Juvenile Dependency Action No. MD94000070*, 2 CA–JV 95–0016 (memorandum decision filed August 3, 1995).[1] The mother continued to live with her boyfriend despite his serious alcohol problem, failed to complete case plan requirements, and lost her visitation rights in 1996 because she did not comply with the rules for visitation established by the case manager and the court. A psychologist who evaluated the mother testified that she suffers from a personality disorder not otherwise specified, with immature, narcissistic, dependent, and codependent features.

¶ 3 The state filed a petition to terminate the mother's rights to the two older boys in July 1996. The father of the youngest boy, who was awarded physical custody of the child in January 1995 and legal custody in January 1996, filed a separate petition to

---

1. The case was later transferred to Pima County.

terminate the mother's rights to that boy; the two petitions were later consolidated. After five days of hearings, the juvenile court granted both petitions, entering lengthy, detailed findings of fact and conclusions of law. The court concluded that grounds existed to terminate the mother's rights to all three boys based on mental illness, A.R.S. § 8–533(B)(3), and out-of-home placement, § 8–533(B)(7)(a), and on the ground of abandonment as to the youngest boy. § 8–533(B)(1).

¶ 4 Counsel argues that a severance proceeding and a criminal proceeding are sufficiently similar that *Anders* and *Leon* should apply to the appeal of a severance order. Specifically, she contends that, because the Equal Protection Clause of the United States Constitution requires juveniles adjudicated delinquent to be treated the same as adults convicted of crimes insofar as filing *Anders* appeals are concerned, it should require the same treatment for parents whose rights have been terminated. Counsel arrives at this conclusion by noting that the right to custody and control of a child has been held to be a fundamental constitutional right. *See, e.g., Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *Pima County Juvenile Severance Action No. S–120171,* 183 Ariz. 546, 905 P.2d 555 (App. 1995). In addition, counsel argues that the burden of proof required in a severance case, clear and convincing evidence, A.R.S. § 8–537(B), is "very similar" to the burden of proof required in a criminal case; that a severance proceeding involves state action against an individual; and that the mother, as an indigent, is situated similarly to indigent criminal defendants.

¶ 5 Counsel's semantics notwithstanding, a severance proceeding is not essentially the same as a criminal proceeding, nor does a parent whose rights are sought to be terminated enjoy the same rights as a person accused of committing a crime. The right to file an *Anders* brief derives from the Sixth Amendment right to counsel, which applies to persons "accused" in "criminal prosecutions." Although a juvenile delinquency proceeding is designated a civil proceeding, it nevertheless accuses a juvenile of committing a crime and may result in the juvenile's being deprived of his or her liberty. For that reason, pursuant to the Equal Protection Clause, indigent juveniles adjudicated delinquent have the right to file an *Anders* brief. *Maricopa County Juvenile Action No. JV–117258,* 163 Ariz. 484, 788 P.2d 1235 (App. 1989).

¶ 6 A severance proceeding, on the other hand, is clearly civil in nature. *See Maricopa County Juvenile Action No. JS–7499,* 163 Ariz. 153, 786 P.2d 1004 (App.1989). It may be filed by the state, as was the petition involving the two older boys in this case, or it may be filed by any private person or agency with an interest in the welfare of a child, as was the petition involving the youngest boy in this case. § 8–533(A). An indigent parent against whom a petition has been filed has the right to appointed counsel, but that right is afforded by statute, A.R.S. § 8–225(B), and the Due Process Clause, *see Arizona State Department of Public Welfare v. Barlow,* 80 Ariz. 249, 296 P.2d 298 (1956); *Pima County Juvenile Action No. J–64016,* 127 Ariz. 296, 619 P.2d 1073 (App.1980), not the Sixth Amendment.

¶ 7 The burden of proof required to terminate a parent's rights, although greater than that required for an ordinary civil proceeding, is still less than that required to convict a person of a crime. The requirement that a person accused of a crime be found guilty beyond a reasonable doubt is based on the common law presumption of innocence. *State v. Garcia,* 152 Ariz. 245, 731 P.2d 610 (App.1986), *overruled on other grounds, State v. Mendoza,* 170 Ariz. 184, 823 P.2d 51 (1992). The statutory burden of proof for a severance proceeding, on the other hand, is required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Maricopa County Juvenile Action No. JS–4942,* 142 Ariz. 240, 689 P.2d 183 (App.1984). Thus, the burdens of proof are neither "very similar" nor do they derive from the same source. Because a parent whose rights are terminated is not equivalent to a convicted criminal, we conclude that counsel for a parent appealing from a juvenile court's severance order has no right to file an *Anders* brief.

¶8 Counsel asserts that, absent the right to file an *Anders* brief, she is faced with an ethical dilemma. Although she believes no genuine appellate issues exist, she states she is required to represent the mother pursuant to A.R.S. § 8–236(D) and thus does not have the luxury of refusing to pursue a matter she believes has no merit, ER 3.1, Rule 42, Ariz. R.S.Ct., 17A A.R.S., yet retains the duty of candor to the court. ER 3.3, Ariz. R.S.Ct. 42. We disagree with counsel. The duty of candor requires that an attorney not make a false statement of fact or law to a court, offer false evidence, or fail to disclose a material fact or controlling legal authority. ER 3.3, Ariz. R.S.Ct. 42. None of those duties directly affects the task of arguing issues on appeal so long as counsel does not misstate the facts or the law.

¶9 Nor do we believe the requirements of ER 3.1 hinder counsel, as she claims. A proceeding to terminate a parent's rights is one filled with facts and opinions, all relating to whether one of the statutory grounds for termination can be proved and whether termination will be in the child's best interests. No matter how egregious the facts may appear to be in such a case, they are rarely wholly one-sided or entirely clear-cut. In addition, experts' opinions are frequently based on a limited knowledge of the applicable facts and vary from timely to stale. On the other hand, in the rare case in which no arguable appellate issues exist, we see nothing in § 8–236(D) that would require appointed counsel to file a frivolous brief. In any event, no dilemma appears to exist here because it seems to us counsel could have filed a substantive brief in this case by developing two of the four arguable issues she listed.

¶10 Had we appreciated at the time the opening brief was filed that counsel contended she has the right to rely on *Anders* in appealing a severance order, we would have stricken the brief. In view of the lengthy period of time that has since elapsed, however, we have instead reviewed the record to determine whether the evidence supports the juvenile court's findings of fact and conclusions of law. *Jennifer B. v. Arizona Department of Economic Security*, 189 Ariz. 553, 944 P.2d 68 (App.1997). We find that it does

and therefore affirm the court's order terminating the mother's rights to her three sons.

BRAMMER, P.J., and HOWARD, J., concur.