NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS
AS TO C.D.

No. 1 CA-JV 23-0085

FILED 07-23-2024

Appeal from the Superior Court in Maricopa County
No.  JD508534
The Honorable Joshua D. Rogers, Judge

**AFFIRMED**

APPEARANCES

Law Office of Ed Johnson, PLLC, Peoria
By Edward D. Johnson
*Advisory Counsel for Appellant*

Aaron D., Mesa
*Appellant*

Arizona Attorney General's Office, Phoenix
By Dawn Williams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Michael J. Brown and Judge Andrew M. Jacobs joined.

---

**G A S S**, Chief Judge:

¶1        Aaron D., the alleged father, appeals from the superior court's order terminating his parental rights on grounds of abandonment and neglect. The mother is not a party to this appeal.

¶2        Aaron D.'s appellate counsel began this appeal by filing a notice under Rule 607(e)(1)(B), Arizona Rules of Juvenile Procedure, certifying he "reviewed the file and record in this matter and . . . found no colorable issue to raise on appeal." Aaron D. filed his own opening brief. Because Aaron D.'s paternity of the child was never established in the superior court proceedings, we ordered the parties to provide supplemental briefing about the effect on this appeal, if any, of *In re G.R.*, 255 Ariz. 444 (App. 2023). Ultimately, we need not address *G.R.* because even assuming error, Aaron D. has shown no prejudice.

¶3        We affirm because sufficient evidence supports the superior court's termination order based on abandonment.

**FACTUAL AND PROCEDURAL HISTORY**

¶4        The child's mother and Aaron D. were never married, but they lived together with the child. Before the child's first birthday, mother found the child unresponsive and took the child to the hospital. The child tested positive for fentanyl and methamphetamine.

¶5        At that point, the Department of Child Safety took custody of the child and placed the child in a licensed foster home. The Department filed a dependency petition as to mother, Aaron D., and an unidentified potential father, "John Doe." In the dependency petition, the Department alleged Aaron D. neglected the child. The Department also alleged Aaron D. could not parent the child effectively because he abused substances and had not established he was the child's parent.

**I.      Aaron D. could have, but did not, participate in the proceedings before the superior court, including the termination adjudication.**

**¶6**          Aaron D. was present and represented by counsel at the preliminary protective hearing. At that hearing, the superior court noted the Department had not established paternity and Aaron D. contested the dependency petition. The superior court also read Aaron D. the "Form 1." Form 1 warns parents their failure to appear at hearings without good cause may lead the superior court to find they admitted the dependency petition allegations against them. *See* Ariz. R.P. Juv. Ct. Form 1. The form also warns parents their unexcused absence may lead the superior court to find they waived their right to object to the termination of their parental rights. *See id.* The superior court set the case plan as family reunification and ordered the Department to offer Aaron D. services. The Department did so, but Aaron D. did not participate in any.

**¶7**          The superior court set a dependency adjudication. Aaron D. attended the adjudication and asked for a continuance, which the superior court granted. Aaron D. did not attend the rescheduled adjudication or any later hearings. Aaron D.'s counsel was present at and participated in all the proceedings, including the rescheduled adjudication.

**¶8**          Starting with the rescheduled dependency adjudication, the case moved quickly. At the rescheduled adjudication, the superior court found Aaron D. lacked good cause for failing to attend, heard evidence, and found the child dependent as to Aaron D. based on neglect, substance abuse, and a failure to parent effectively "because [he] has not established his paternity of the child."

**¶9**          About a week later, the superior court changed the case plan to severance and adoption, and set the matter for hearing on the Department's yet-to-be-filed termination motion. About a week after the superior court changed the case plan, the Department moved to terminate the child's parental relationship with Aaron D. Without explanation, the superior court vacated the dependency finding as to Aaron D. after the Department filed its termination motion.

**¶10**          The Department's termination motion specifically alleged Aaron D. was the father and had abandoned and neglected the child. Aaron D. failed to appear at the initial termination hearing without good cause, and the superior court "preserved" his failure to appear. Aaron D. again failed to appear without good cause at the termination adjudication two months later. The superior court proceeded in his absence, receiving

evidence and hearing testimony from the Department's witness. In part, the superior court found the Department proved by clear and convincing evidence Aaron D. was "unable to discharge his parental responsibilities" because he (1) neglected and (2) abandoned the child. On those grounds, the superior court terminated Aaron D.'s parental rights.

## II.     Aaron D. does not dispute he is the child's father.

¶11        Early on, mother and Aaron D. agreed Aaron D. was the child's genetic father. The parties reached a partial agreement about how Aaron D. would prove he was the child's genetic parent. An early mediation report says the Department agreed "to accept an acknowledgment of paternity if Father cho[se] to do so. If not, [the Department] agree[d] to provide a paternity test for [Aaron D.]." But mother and Aaron D. never provided an acknowledgment of paternity. Aaron D. never took a paternity test. And the Department never asked the superior court to order Aaron D. to take a paternity test.

¶12        Even so, Aaron D. has never claimed he is not the child's father, and he has not challenged the superior court's express finding in the termination order that he is the child's father. Indeed, Aaron D.'s supplemental brief before this court concedes a later court report shows Aaron D.'s parenthood "was established through the paternal grandmother." That later report was not before the superior court when it entered the termination order and also is not in the record before this court. Even so, Aaron D. does not suggest the report is incorrect.

¶13        This court has jurisdiction over Aaron D.'s timely appeal under art. VI, § 9, Constitution of Arizona, and A.R.S. §§ 8-235.A and 12-120.21.A.1.

## DISCUSSION

¶14        A parent's right to custody and control of their own child, though fundamental, is not absolute. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248–49 ¶¶ 11–12 (2000) (noting several cases citing this central rule). The superior court must engage in a two-step inquiry to terminate parental rights under A.R.S. § 8-533.B. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149 ¶ 8 (2018). First, the Department must prove by clear and convincing evidence a statutory ground for termination exists. *Id.* Second, the Department must prove by a preponderance of the evidence termination is in the child's best interests. *Id.* at 150 ¶ 8.

¶15        This court will affirm the superior court's termination order unless it is clearly erroneous. *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 481 ¶ 46 (2023). To reverse, this court must determine "as a matter of law that no one could reasonably find the evidence to be clear and convincing." *Id.* (citation omitted).

**I.        Aaron D. received due process, and substantial evidence supported the termination on the abandonment ground.**

¶16        We begin with the issues Aaron D. raised in his opening brief.

¶17        Aaron D.'s challenges to the dependency proceedings fail. But the superior court vacated its dependency adjudication as to Aaron D. His arguments, thus, are moot.

¶18        Aaron D.'s challenges to the termination order also fail. He argues he was denied due process for three reasons: (1) he was not allowed to represent himself in the proceedings, (2) "the court never [held] a trial," and (3) he lacked adequate notice of the termination hearing. He also argues insufficient evidence supported the termination order.

¶19        First, Aaron D. waived any claim about self-representation. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578 ¶¶ 6–7 (App. 2017). Early in the proceedings, after the superior court appointed a lawyer to represent Aaron D., Aaron D. filed a motion asking the superior court to allow him to represent himself. True, the record does not show the superior court ruled on that motion, but a second lawyer appeared with Aaron D. for the mediation. Without objection, that second lawyer represented Aaron D. throughout the remaining superior court proceedings. Indeed, at the last hearing when Aaron D. personally appeared, he appeared together with his second lawyer. And the superior court granted the second lawyer's request to continue. Because Aaron D. never objected to the second lawyer's representation at the superior court, he waived any self-representation argument on appeal. *See id.*

¶20        Second, the record does not support Aaron D.'s claim the superior court did not conduct a trial. The superior court held a termination adjudication at which the Department presented testimony and exhibits.

¶21        Third, the superior court did not abuse its discretion when it conducted the termination adjudication in Aaron D.'s absence. *See Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 443–44 ¶ 22–24 (2018); Ariz. R.P. Juv. Ct. 353(f)(1)(C). From the first hearing in the case, Aaron D. was on notice the superior court could hold the termination adjudication in his

absence if he failed to appear without good cause. He also was on notice the superior court could find he waived the right to object to the termination of his parental rights. And at each step in the later proceedings when Aaron D. failed to appear, the superior court found him absent without good cause. Even if Aaron D.'s notice argument challenges those findings of absence without good cause, he points to no supporting evidence and does not argue the superior court abused its discretion by making those findings. *See Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101 ¶ 15 (App. 2007) (finding of failure to appear without good cause is generally reversible only if the court's "exercise of that discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons" (citation omitted)). In short, Aaron D. identifies no reversible error.

¶22         We need not address Aaron D.'s objections to the child's placement in a particular foster home. He simply lacks standing to challenge the child's placement following the termination order. *See In re O.M.*, 254 Ariz. 543, 544–46 ¶¶ 2, 9–10 (App. 2023).

¶23         To recap, sufficient evidence supports the superior court's finding Aaron D. abandoned the child. *See* A.R.S. § 8-531 (defining "abandonment"). At the termination hearing, a Department specialist testified Aaron D. had last had contact with the child six months before the termination adjudication, despite being offered "[n]umerous supervised visitation referrals." The specialist also testified Aaron D. did not support the child and did not maintain a normal parental relationship with the child. The superior court found Aaron D., without just cause, failed to maintain a normal parental relationship with the child, failed to provide the child reasonable support, failed to maintain regular contact with the child, and failed to provide the child normal supervision. *See id.* Even if the superior court had not found Aaron D.—through his absence—had admitted the allegations of abandonment in the termination motion, the evidence was sufficient for the superior court's findings.

¶24         Because we affirm on the abandonment ground, we need not consider Aaron D.'s arguments in the context of the neglect ground. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280 ¶ 3 (App. 2002) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds.").

**II.    Aaron D. does not show he was prejudiced by the superior court not establishing his parenthood before issuing the termination order.**

¶25        We asked the parties to provide supplemental briefing on the effect, if any, of *G.R.* on this situation in which the superior court issued a termination order without establishing Aaron D.'s parenthood. "[T]his court does not undertake any review of appellate counsel's determination, . . . that '[c]ounsel has reviewed the entire record on appeal and finds no non-frivolous issue to raise.'" *Crystal E.*, 241 Ariz. at 578 n.2; *see also Denise H. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 257, 258 ¶ 1 (App. 1998) (declining to review termination case record for fundamental error under *Anders v. California*, 386 U.S. 738 (1967)). Even so, this court may ask for supplemental briefing and consider whether a termination is reversible if the court detects potential fundamental error in the proceedings even if the parties do not raise the issue. *Crystal E.*, 241 Ariz. at 578 ¶ 8 (Asking for supplemental briefing is appropriate "in the interests of justice and because of the inherent constitutional ramifications" of a termination of parental rights.).

¶26        Because Aaron D. did not raise his parenthood of the child as an issue before the superior court or in his opening brief, this court reviews the issue for fundamental error. *See Brenda D.*, 243 Ariz. at 447 ¶ 37. To prevail under this standard, Aaron D. must establish two things: (1) fundamental error and (2) the fundamental error caused him prejudice. *State v. Henderson*, 210 Ariz. 561, 567–68 ¶¶ 19–20 (2005). To establish prejudice, Aaron D. "must show that a reasonable fact-finder could have reached a different result" and "must affirmatively prove prejudice and cannot merely rely upon speculation." *Brenda D.*, 243 Ariz. at 448 ¶ 38 (cleaned up).

¶27        In the absence of prejudice, we need not decide whether error occurred. During the dependency and termination proceedings, Aaron D. never denied he was the child's father. He never challenged his parenthood of the child or objected to the termination proceeding because his parenthood was not established. By failing to appear for the termination adjudication, he admitted the allegations of the motion to terminate, including the paternity allegations. On appeal, Aaron D. insisted in his *pro se* opening briefing he is the child's father. And in the supplemental briefing, Aaron D.'s appellate counsel referenced evidence obtained through the paternal grandmother as showing Aaron D. is the child's father.

**¶28**        Summing up, even if we assume fundamental error, Aaron D. is not entitled to relief because he cannot show prejudice.

## CONCLUSION

**¶29**        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV