237 P.3d 632

**Bob H., Kathleen H., Appellants,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, B.F., Appellees.**

**No. 1 CA–JV 09–0211.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 10, 2010.

Terry Goddard, Arizona Attorney General By Kathryn E. Harris, Assistant Attorney General, Mesa, Attorneys for Appellee Arizona Department of Economic Security.

Jennifer Perkowski, Mesa, Attorney for Appellant Bob H.

Denise L. Carroll, Scottsdale, Attorney for Appellant Kathleen H.

Vierling Law Office By Thomas A. Vierling, Phoenix, Attorney for Appellee B.F.

Virginia S. Matte, Phoenix, Minor's guardian ad litem.

## OPINION

OROZCO, Judge.

¶ 1 Bob H. (Father) and Kathleen H. (Mother) appeal from the juvenile court's order terminating their parent-child relationships with their child, B.F.[1] For the following reasons, we affirm in part and reverse and remand in part.

### FACTS AND PROCEDURAL HISTORY

¶ 2 On October 2, 2009, the Arizona Department of Economic Security (ADES) filed a motion for termination of the parent-child relationships (Motion for Termination) between Mother and Father and B.F. Pursuant to Arizona Revised Statutes (A.R.S.) section 8–533 (Supp. 2009),[2] ADES alleged Mother and Father had abandoned B.F. The juvenile court set an initial severance hearing (Severance Hearing) for 8:30 a.m. on November 2, 2009. Through a Form III Notice to Parent in Termination Action (Form III),[3] Mother and Father were provided with notice of the Severance Hearing's date and time. Mother and Father were also provided thirty-day bus passes to ensure transportation to the Severance Hearing.

---

1.  To protect the identity of the minor child, we amend the caption in this matter to eliminate the use of her actual name and refer to her only as B.F. throughout the remainder of this decision.

2.  We cite to the current version of the applicable statutes because no revisions material to this opinion have since occurred.

3.  A Form III states the date and time of the next hearing and includes the admonishment that "[i]f you fail to appear without good cause ... the court may determine that you have waived your legal rights, admitted the grounds alleged in the motion/petition for termination and may terminate your parental rights to your child." Ariz. R.P. Juv. Ct. Form III. The juvenile court read and provided Mother the Form III; however, because Father was absent from the hearing in which the Form III was provided, the juvenile court gave the Form III to Father's counsel with instructions that it be mailed to Father.

¶3 The morning of November 2, 2009, the juvenile court delayed the start of the hearing after Mother's counsel called and said he would be thirty minutes late because he had to appear at another court hearing several miles away. Eventually, the juvenile court proceeded at approximately 8:56 a.m. even though Mother's counsel had not arrived. When the Severance Hearing began, both Mother and Father were also absent. The juvenile court confirmed that both Mother and Father were served a Form III, then found that there was "no good cause for either parent's failure to appear ... and they therefore waive[d] their right to contest the allegations in the motion to terminate." The juvenile court then proceeded to hear testimony from the ADES caseworker on the substance of the Motion for Termination.

¶4 At approximately 9:10 a.m., Mother and Father arrived at the Severance Hearing. The juvenile court informed them that it had already found there was no good cause shown for their failure to appear. A few minutes later, Father requested a trial and objected to the juvenile court's finding that he had waived his right to contest the Motion for Termination. He stated that he was misinformed as to the time of trial and that he had just "[driven] 1100 miles." The juvenile court denied Father's request but allowed Father's counsel to cross-examine the ADES witness.[4] Mother then requested the juvenile court reconsider (Motion to Reconsider) its finding that Mother had waived her right to contest the Motion for Termination by failing to appear. Mother argued that she was in court by 9:00 a.m. and that she had to arrange her own transportation to get to the hearing. The juvenile court denied Mother's Motion to Reconsider because "[a]rranging your own transportation is not good cause for not appearing on time."

¶5 Mother's counsel arrived at 9:30 a.m., an hour past the scheduled time of the hearing. He explained that he "had a conflict with a downtown case." The juvenile court replied, "[t]hat's not a good enough reason. Juvenile cases take precedence." Neverthe-

less, the court allowed Mother's counsel to cross-examine ADES's witness.

¶6 The juvenile court granted ADES's Motion for Termination. Both Mother and Father filed timely notices of appeal and we have jurisdiction pursuant to A.R.S. §§ 8–235.A (2007), 12–120.21.A.1, and –2101.B (2003).

## DISCUSSION

¶7 Father presents two issues on appeal: (1) whether the juvenile court abused its discretion in denying his request that a trial be set; and (2) whether the juvenile court should have stayed the proceedings to allow Father's counsel to prepare and participate meaningfully. Mother also presents two issues: (1) whether the trial court abused its discretion in denying her Motion to Reconsider; and (2) whether the trial court abused its discretion in commencing the hearing before Mother's counsel arrived.

### I. Father's Failure to Appear and Waiver of Right to Contest

¶8 Father argues that the juvenile court abused its discretion in denying his request that a trial be set. Specifically, Father contends he was not given an opportunity to present a reason for his failure to appear. The record indicates otherwise. The juvenile court entertained Father's explanation of his failure to appear on time when Father requested a trial and objected to the juvenile court's finding that he had waived his right to contest the motion for termination. Father supported his request/objection by stating that he was misinformed as to the time of the hearing and that he had just finished driving 1100 miles. After considering Father's argument, the juvenile court denied the request and impliedly overruled the objection.

¶9 We find no abuse of discretion in the juvenile court's decision. *See Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶15, 158 P.3d 225, 230 (App.2007) (stating that a finding of good cause for failure to appear is largely discretionary and is there-

4. Although the juvenile court did not explicitly rule on Father's objection, it impliedly overruled the objection by denying Father's request for a trial.

fore reviewed for an abuse of discretion). In this case, the juvenile court confirmed that Father's counsel had mailed him the Form III. Thus, it was reasonable for the juvenile court to conclude Father knew the date and time of the severance hearing. Father had prior knowledge of the hearing and was fully admonished as to the consequences of a failure to appear. We conclude the record provides sufficient support for the juvenile court's finding that Father failed to appear without good cause and thus waived his right to contest the Motion for Termination. We find no abuse of discretion in the juvenile court's denial of Father's request that a trial be set.

## II. Time for Father's Counsel to Prepare

¶ 10 Father next argues that the juvenile court should have stayed the proceedings to give Father's counsel time to prepare. Specifically, Father contends his counsel's ability to provide meaningful representation was hampered. Although it is unclear from Father's opening brief, he appears to be arguing ineffective assistance of counsel. Father, however, cites no legal authority for how or why the juvenile court erred. Accordingly, this argument is waived. *See State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (claims waived for insufficient argument). Even if the argument is not waived, Father fails to explain how his counsel's performance "fell below the prevailing professional norms" or how he was prejudiced by his counsel's alleged lack of time to prepare. *John M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 320, 322–23, ¶ 8, 173 P.3d 1021, 1023–24 (App.2007) (party claiming ineffective assistance of counsel must show: (1) "counsel's representation fell below prevailing professional norms;" and (2) "a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different.")

## III. Mother's Failure to Appear and Waiver of Right to Contest

¶ 11 Mother argues that the juvenile court erred in denying the Motion to Reconsider. At the Severance Hearing, Mother argued that there was good cause for her failure to appear because she arrived by 9:00 a.m. and she had to arrange her own transportation. The juvenile court denied Mother's Motion to Reconsider because "[a]rranging your own transportation is not good cause for not appearing on time."

¶ 12 We find no abuse of discretion in this decision. *See Adrian E.*, 215 Ariz. at 101, ¶ 15, 158 P.3d at 230. The juvenile court is in the best position to make discretionary findings such as what constitutes good cause for failure to appear. *See In re Pima County Dependency Action No. 93511*, 154 Ariz. 543, 546, 744 P.2d 455, 458 (App.1987). First, Mother's argument that her arrival thirty minutes after the scheduled start of the hearing evidenced good cause for her failure to appear on time is misplaced. Effectively, Mother is attempting to justify her late arrival by arguing simply that she arrived, even if she was late. While it might be said that arriving late is better than not arriving at all, we cannot see how arriving late can constitute good cause for a failure to timely appear.

¶ 13 Second, Mother's excuse that she was required to arrange her own transportation is insufficient to establish good cause for failure to appear. Despite the fact that all parties to a dependency action are solely responsible for arranging their own transportation, Mother was provided a thirty-day bus pass for the specific purpose of ensuring her transportation to the Severance Hearing. Accordingly, we cannot say the juvenile court abused its discretion in denying Mother's Motion to Reconsider.

## IV. Proceeding in the Absence of Mother's Counsel

¶ 14 Mother also argues that the juvenile court erred in commencing the Severance Hearing without her counsel being present. Mother's right to counsel in a severance proceeding is afforded by statute (*see* A.R.S. § 8–221(B)) and the due process clause. *Daniel Y. v. Ariz. Dep't of Econ. Sec.*, 206 Ariz. 257, 260, ¶ 14, 77 P.3d 55, 58 (App.2003). We have held that because "[a] parent's right to the 'companionship, care custody and management of his or her children' is a fundamental constitutionally pro-

tected right," that right requires due process protection. *Michael M. v. Ariz. Dep't Econ. Sec.*, 202 Ariz. 198, 200, ¶ 8, 42 P.3d 1163, 1165 (App.2002). Therefore, the right to counsel in a severance proceeding is of a constitutional dimension. *Daniel Y.* at 260, ¶ 14, 77 P.3d at 58.

¶ 15 The dissent argues that Mother did not object to the court's decision to proceed in the absence of her counsel and asserts that her failure to object in the trial court waived the issue on appeal. *Infra* ¶ 21. Setting aside whether the law requires a client whose lawyer is not present to raise the objection for herself, when Mother's counsel arrived and discovered that the hearing had proceeded without him, he did object on her behalf when he stated, "As for my failure to appear until 9:30, ... I don't think that can be held against my client."

¶ 16 Under these circumstances, "the failure to allow counsel to effectively participate in severance proceedings is *reversible error*." *Id.*, ¶ 12 (emphasis added). This is because "[t]he denial of the right to effective participation of counsel constitutes a denial of due process of law so gross as to lack a necessary attribute of a judicial determination." *Id.* (quoting *Ariz. State Dep't of Pub. Welfare v. Barlow*, 80 Ariz. 249, 253, 296 P.2d 298, 300 (1956)). "[A] hearing in which a parent is denied the opportunity to be heard by counsel if requested is void." *Barlow*, 80 Ariz. at 253, 296 P.2d at 300.

¶ 17 In *Christy A. v. Arizona Department of Economic Security*, 217 Ariz. 299, 307, ¶ 28, 173 P.3d 463, 471 (App.2007), we held that "[b]ecause the juvenile court considers essentially the same evidence at a 'default' evidentiary hearing as at a typical 'contested' severance adjudication hearing, a parent, even though in 'default,' should also have a right to have counsel present and participate."

¶ 18 In this case, the juvenile court commenced the Severance Hearing at approxi-

mately 8:56 a.m., without Mother's counsel present. Mother's counsel arrived at 9:30 a.m., near the end of Father's cross-examination of ADES's only witness, and the hearing concluded at 10:00 a.m. As a result, Mother was unrepresented for approximately half of the hearing. During the time her counsel was not present, Mother was denied the right to effective participation of counsel and thus also denied due process. *See Daniel Y.*, 206 Ariz. at 260, ¶ 12, 77 P.3d at 58. Although the juvenile court permitted Mother's counsel to fully participate [5] after his arrival, this does not cure the prior denial of due process. Because a parent has a "right to have counsel *present and participate*," *Christy A.*, 217 Ariz. at 307, ¶ 28, 173 P.3d at 471 (emphasis added), we must hold that the juvenile court in this case committed reversible error when it commenced the Severance Hearing without Mother's counsel present. [6]

**CONCLUSION**

¶ 19 For the reasons previously stated, we affirm the juvenile court's termination of Father's parent-child relationship with B.F. We affirm the juvenile court's order finding Mother waived her right to contest the Motion for Termination by failing to appear; however, we reverse the juvenile court's termination of Mother's parent-child relationship with B.F. and remand the matter for a new severance hearing consistent with this Opinion.

CONCURRING: DIANE M. JOHNSEN, Judge.

THOMPSON, Judge, concurring in part, dissenting in part.

¶ 20 I agree with the majority's analysis and result as to parts I–III of this opinion. I do not agree with part IV as to the effect of Mother's counsel's late arrival. I conclude that Mother was not denied due process and would affirm.

---

5. The juvenile court permitted Mother's counsel to review the admitted exhibits and make any objections to their admittance. Additionally, Mother's counsel was allowed to cross-examine ADES's only witness.

6. We understand the hardships that tardy counsel impose on courts, parties, other lawyers and the schedules of all involved. The court may, of course, exercise its power to impose appropriate sanctions on attorneys who do not timely appear at hearings without good cause.

¶ 21 After Mother's counsel arrived, he was permitted to cross-examine the ADES witness, review the exhibits and make objections. Mother's counsel did not object to this procedure,[7] whereby, although the hearing had already commenced before he arrived, he was allowed to catch up. Mother's failure to object in the trial court waives the issue on appeal. *State v. Bolton,* 182 Ariz. 290, 297, 896 P.2d 830, 837 (1995). On appeal, Mother provides no authority supporting the claim sustained by the majority that this procedure denied her due process. This also waives the argument. *Id.* at 298, 896 P.2d at 838. Mother is not entitled to fundamental error review. *Daniel Y.,* 206 Ariz. at 260, ¶ 14, 77 P.3d at 58 (citing *Denise H. v. Ariz. Dep't of Econ. Sec.,* 193 Ariz. 257, 258, ¶¶ 5–7, 972 P.2d 241, 242 (App.1998)). Even if fundamental error review were available to Mother, she would have to allege and demonstrate prejudice. *State v. Henderson,* 210 Ariz. 561, 568–69, ¶ 26, 115 P.3d 601, 608–09 (2005). Mother has not in any way suggested how counsel's absence from part of the hearing harmed her. She does not allege that the witness testimony or exhibits were otherwise than anticipated by her counsel, or that his cross-examination or the making of objections was hindered. In my view, the majority errs in considering the issue of counsel's late arrival.

¶ 22 The cases cited by the majority do not support reversal here. This is not a case like *Daniel Y.,* where the trial court refused to appoint counsel for a parent. Nor is it like *Barlow* or *Christy A.,* in which the trial courts excluded parents' lawyers from participation. This court waited and waited for someone to show up; the parents were 40 minutes late and Mother's lawyer 60 minutes late. Mother's counsel then fully participated, and there is here no suggestion that the result is any different than it would have been if everyone had been on time.

¶ 23 Trial courts have to manage their dockets and we defer considerably to their good judgment in doing so. *Findlay v. Lewis,* 172 Ariz. 343, 346, 837 P.2d 145, 148

(1992). Other people have rights too, including parties in other cases whose access to courts is delayed or impeded by tardiness in congested calendars. More pertinently, the child in this case was represented by her guardian ad litem, she was present during these proceedings (and was on time), she was happy with her adoptive placement and did not wish visitation with Mother. I would give due weight to these considerations.

---

7. The lawyer's comment that his tardy arrival should not be "held against" mother did not reference the court's decision to proceed while he was en route. Obviously, the court did not "hold" anything against Mother other than the evidence that supported severance.