NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANGELETTE J., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, Z.B., T.B., X.B., *Appellees.*

No. 1 CA-JV 14-0158
No. 1 CA-JV 14-0247
FILED 2-17-2015

Appeal from the Superior Court in Maricopa County
No. JD17988
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**P O R T L E Y**, Judge:

**¶1**         Angelette J. ("Mother") appeals the order terminating her parental rights to her three children, Z.B., T.B., and X.B.  She argues that the juvenile court erred by terminating her rights in absentia because she demonstrated good cause for her failure to appear.  Finding no error, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**         Mother is the biological mother of the three minor children. The Arizona Department of Economic Security ("the Department")[2] filed a dependency petition after receiving a report about domestic violence and the deplorable conditions of the residence.  The juvenile court found the children dependent on March 26, 2012, and allowed the children to remain with Mother in an in-home dependency.  A month later, and after receiving a report that Mother was physically abusing and neglecting the children, they were removed and placed in foster care.

**¶3**         At the January 2013 permanency hearing, the court changed Mother's case plan to severance and adoption, and the Department subsequently filed and served a motion to terminate Mother's parental rights to the three children on the nine months out-of-home placement

---

[1] We view the facts in the light most favorable to upholding the juvenile court's ruling.  *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 376, ¶ 13, 231 P.3d 377, 380 (App. 2010).

[2] The Department of Child Safety ("DCS") has replaced the Arizona Department of Economic Security.  Because this case preceded the creation of DCS, we will refer to the Department as the agency prosecuting this case. *See* S.B. 1001, 51st Leg., 2d Spec. Sess. (Ariz. 2014).

ground[3] under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(8)(a).[4]

**¶4** The pretrial hearing for the severance motion was set for April 24, 2014, but Mother did not appear at the hearing. The Department moved to proceed in absentia and, after inquiry, the court found that Mother's counsel failed to show good cause for Mother's failure to appear, and granted the request. The children's case manager testified and, after cross-examination, the court terminated Mother's rights, and directed the Department to lodge a proposed order. The court subsequently signed and filed its findings of fact, conclusions of law, and order terminating Mother's parental rights to the three children.[5]

**¶5** Mother filed a motion to set aside the default judgment, arguing that she had good cause for her failure to appear. After briefing and an evidentiary hearing, the court denied the motion. Mother timely appealed.

## DISCUSSION

**¶6** On appeal, Mother only argues that the juvenile court abused its discretion by finding that she waived her rights even though she had good cause for her failure to appear.[6] We disagree.

**¶7** "If a parent does not appear at a pretrial conference, . . . the court, after determining that the parent has been instructed as provided in § 8–535, may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to

---

[3] The Department also alleged that the eldest child, Z.B., had been removed in 2009 and warranted termination under A.R.S. § 8-533(B)(11) even though that dependency had been dismissed.

[4] We cite to the current version of the statute unless otherwise noted.

[5] The children's father, Zachary B., also had his parental rights severed, but he is not a party to this appeal.

[6] Mother did not challenge the finding that the Department made a diligent effort to provide her with appropriate reunification services, that her children have been in an out-of-home placement for at least nine months and Mother has substantially neglected or willfully refused to remedy the circumstances that caused the removal, or that termination is in the children's best interests. As a result, she has conceded the accuracy of the findings on appeal. *See Britz v. Kinsvater*, 87 Ariz. 385, 388, 351 P.2d 986, 987 (1960).

appear." A.R.S. § 8–537(C); *accord* Ariz. R.P. Juv. Ct. 64(C) (amended by 2014 Court Order 0044 to reflect DCS replacing the Arizona Department of Economic Security). If the court cannot find good cause why the parent did not appear, the court can terminate the parent's rights "based on the record and evidence presented." A.R.S. § 8–537(C); *accord* Ariz. R.P. Juv. Ct. 64(C).

**¶8**        We review whether a parent has failed to demonstrate good cause to excuse his or her absence from the proceeding for an abuse of discretion. *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15, 158 P.3d 225, 230 (App. 2007). "[G]ood cause for a failure to appear is largely discretionary" and we will not disturb it unless "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.* (citations and internal quotation marks omitted). To demonstrate good cause, "the moving party must show that (1) mistake, inadvertence, surprise or excusable neglect exists and (2) a meritorious defense to the claims exists." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16, 173 P.3d 463, 468 (App. 2007). The failure to have transportation or make other arrangements to appear may not be good cause for the failure to appear. *See, e.g., Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 282, ¶¶ 11–13, 237 P.3d 632, 635 (App. 2010).

**¶9**        Here, Mother had notice of the pretrial hearing date and was aware of the consequences if she failed to appear. She had participated in the initial severance hearing in October 2013, and had received and signed Form 3.[7] At the pretrial hearing, Mother's lawyer advised the court that she was aware of the hearing, and he believed that she planned to attend.

---

[7] Mother was provided with and signed Form 3, which stated:

> You are required to attend all hearings. If you cannot attend a hearing, you must prove to the Court that you had good cause for not attending. If you fail to attend the Initial Termination Hearing, Pre-Trial Conference, Status Conference, or Termination Adjudication Hearing without good cause, the Court may determine that you have waived your legal rights and admitted the allegations in the motion or petition for termination. The hearings may go forward in your absence, and the Court may terminate your parental rights to your child based on the record and evidence presented.

**¶10** At the hearing on her motion to set aside the default judgment, Mother testified that she intended to appear at the pretrial hearing and had boarded a bus to attend the hearing. She, however, testified that the bus was running about thirty minutes late, and while on the bus, she began having labor pains. Furthermore, she stated that she tried to call the juvenile court but her call was disconnected. And when she called back, she was told that the hearing was over.

**¶11** The juvenile court found Mother's explanations insufficient to establish good cause for failing to appear. The court noted that although Mother testified that she called the court and multiple family members on the day of the hearing, she was unable to provide any records of the cellular phone calls because it was a government phone and she no longer had the phone. She was also unable to get family members, who she claimed that she talked to or saw on the day of the hearing, to testify or to provide an affidavit because one had moved and was not receiving incoming calls on his phone, and she did not know the whereabouts of the other person.

**¶12** The court also found Mother's testimony about going into labor problematic. The Department produced medical records showing that Mother was taken and admitted into the hospital the day after the hearing, and she was unable to demonstrate that she called the paramedics from the bus.

**¶13** Finally, Mother has not identified a meritorious defense to the termination motion. *See Christy A.*, 217 Ariz. at 304, ¶ 16, 173 P.3d at 468. She did not challenge the evidence that the Department presented at the pretrial hearing, which led to the termination of her parental rights. Consequently, given the record, we do not find that the juvenile court abused its discretion in denying her motion. *See Adrian E.*, 215 Ariz. at 101, ¶ 15, 158 P.3d at 230.

## CONCLUSION

**¶14** Based on the foregoing, we affirm the termination of Mother's parental rights to her three children.



Ruth A. Willingham · Clerk of the Court
FILED: ama