NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ARLENE L., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, M.L., Z.V., I.V., *Appellees.*

No. 1 CA-JV 14-0248
FILED 3-17-2015

---

Appeal from the Superior Court in Maricopa County
No. JD23186
The Honorable Linda H. Miles, Judge

**AFFIRMED**

---

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee Arizona Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

---

**W I N T H R O P,** Judge:

¶1         Arlene L. ("Mother") appeals the juvenile court's order terminating her parental rights to M.L., Z.V., and I.V. (collectively, "the children"). Mother alleges the juvenile court erred when it did not hold an evidentiary hearing to determine if good cause existed for Mother's absence at the initial severance hearing. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2         In January 2013, the New Mexico Children, Youth and Families Department ("CYFD") took the children into protective custody. CYFD learned that Mother and Simon V., the children's biological father ("Father") lived in Arizona. CYFD contacted the Arizona Department of Economic Security ("ADES") and the children were subsequently transported to Arizona.[1] In February 2013, ADES filed a dependency petition against Mother and Father.[2] On February 8, 2013, Mother acknowledged the need to attend scheduled hearings by signing a Form I notice, which provided, in part, as follows:

> You are required to attend all hearings. If you cannot attend a hearing, you must prove to the Court that you had good cause for not attending. . . . If you failed to attend . . . proceedings without good cause, the Court may

---

[1]      In May 2014, Child Protective Services ("CPS") was removed as an entity within ADES and replaced by the Department of Child Safety ("DCS"), an entity outside of ADES. We refer to the parties as they existed at the initiation of the proceedings.

[2]      Father is now deceased.

terminate your parental rights or appoint a
permanent guardian for your child.

**¶3**        ADES offered Mother several services, including parent-aide
services, transportation, substance abuse assessment through TERROS, and
substance abuse testing.   At that time, the case plan was family
reunification.  In May 2013, Mother stipulated to dependency based on her
substance abuse.

**¶4**        In June 2014, Mother failed to attend a report and review
hearing where the juvenile court changed the case plan to severance and
adoption.  ADES then filed a motion for termination of the parent-child
relationship between the children and Mother, alleging one ground for
termination that the children had been in an out-of-home placement for a
cumulative total of fifteen months or longer, pursuant to a court order.  *See*
Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(8)(c).[3]   ADES also alleged the best
interests of the children would be served by terminating the parent-child
relationship. *See id.* at § 8-533(B).

**¶5**        Mother failed to attend the initial severance hearing on July
30, 2014.  Mother's counsel indicated a taxi had been sent to Mother's house
to transport her to the hearing, however, Mother "did not enter the taxi."[4]
ADES stated that Mother had received "numerous" Form I's.  The juvenile
court noted that Mother had previously failed to appear at a report and
review hearing one month prior.[5]  The juvenile court found Mother's failure

---

[3]     We cite the current version of the statutes if no revisions material to
our decision have occurred since the relevant dates.

[4]     The ADES caseworker stated that she spoke with someone at the taxi
company who indicated that a taxi waited 15 to 20 minutes at Mother's
residence, that the driver knocked on Mother's door, and no one answered
the door or exited the house.

[5]     The juvenile court indicated its standard practice was to read from
Form III (which provides further admonitions about the consequences of
failing to attend severance proceedings) at the time of the change of the case
plan to severance and adoption, which in this case took place at the June
2014 report and review hearing.  The juvenile court also explained it would
have repeated the Form III admonitions to Mother at the next initial
severance hearing, which Mother also failed to attend.

to appear constituted a waiver of her rights and conducted the hearing in her absence.

¶6 During the severance hearing, the case manager testified that the children had been in out-of-home placement for more than 15 months, and that Mother failed to engage with services offered by ADES. The case manager acknowledged that, "at times," the taxi company had failed to provide Mother with transportation, but also stated that Mother had not been able to remedy the circumstances that caused the children to be in an out-of-home placement and that severance and adoption was in the children's best interest. Mother's counsel was present and participated during the hearing. The juvenile court terminated the parent-child relationship between Mother and the children. The juvenile court specifically stated, however, that Mother, if able to show good cause, could seek to set aside the order terminating her parental rights.

¶7 On August 8, 2014, Mother filed two *pro per* documents. The first stated that the transportation provided by ADES "did not pick her up" on the day of the initial severance hearing and that she wished to appeal the termination of her parental rights. The second document asked to speak with the Judge "in [her] quarters." In an August 19, 2014 minute entry, the juvenile court denied Mother's requests, stating that because Mother was represented by counsel, "any request to the Court must be made by a properly supported motion filed by her counsel." Neither Mother nor her counsel filed any motions or documents after this ruling.

¶8 On September 9, 2014, the juvenile court issued an order terminating the parent-child relationship between Mother and the children. Mother filed a timely notice of appeal. We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9; A.R.S. § 8-235(A); and Rule 103(A) of the Arizona Rules of Procedure for the Juvenile Court.

**ANALYSIS**

¶9 Mother contends the juvenile court erred when it failed to *sua sponte* hold an evidentiary hearing to determine if good cause existed for Mother's absence at the initial severance hearing. "The juvenile court is in the best position to make discretionary findings such as what constitutes good cause for failure to appear." *Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 282, ¶ 12, 237 P.3d 632, 635 (App. 2010). We review a finding of no good cause for failing to appear for an abuse of discretion. *See id.* at 282-83, ¶ 9, 237 P.3d at 634-35.

¶10        Ariz. R. Juv. P. ("Rule") 65(C)(6)(c) outlines the procedural process afforded to a parent if he/she fails to appear at the initial termination hearing:

> If the parent, guardian or Indian custodian fails to appear at the initial termination hearing without good cause shown and the court finds the parent, guardian or Indian custodian had notice of the hearing, was properly served pursuant to Rule 64 and had been previously admonished regarding the consequences of failure to appear, including a warning that the hearing could go forward in the absence of the parent, guardian or Indian custodian and that failure to appear may constitute a waiver of rights and an admission to the allegations contained in the termination motion or petition, the court may proceed with the adjudication of termination based upon the record and evidence presented if the moving party or petitioner has proven grounds upon which to terminate parental rights.

¶11        Here, Mother failed to attend the initial severance hearing. Mother's counsel did not have an explanation for Mother's absence. Pursuant to Rule 65(C)(6)(c), the juvenile court considered whether Mother had "good cause" for failing to appear at the initial severance hearing. The juvenile court stated that Mother had been served with the motion for termination of parental rights, and that she had been properly warned of the need to appear by her receipt of and signature on Form I.

¶12        The juvenile court found Mother did not have good cause for failing to appear and proceeded with the severance hearing. Mother's counsel represented Mother's interests during the hearing and argued against severance, but the juvenile court ultimately severed Mother's parental rights.

¶13        After the severance hearing and oral pronouncement terminating her parental rights, Mother filed two *pro per* requests to the court seeking to set aside the termination of her rights and an audience with the juvenile court. The juvenile court properly denied Mother's *pro per* requests because Mother was still represented by counsel. *See State v.*

*Rickman*, 148 Ariz. 499, 504, 715 P.2d 752, 757 (1986) (stating Arizona does not recognize a hybrid right to both self-representation and representation by counsel). Neither Mother nor her counsel thereafter filed any further motions/affidavits, or requested an evidentiary hearing.

**¶14**        The juvenile court acted well within its discretion when it did not *sua sponte* order an evidentiary hearing. We find no rule or legal precedent that requires the juvenile court to conduct a separate good cause evidentiary hearing, especially without being properly requested to do so. On the record before this court, we find no abuse of discretion.

## CONCLUSION

**¶15**        For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama