NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TANYA N., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, M.N., *Appellees*.

No. 1 CA-JV 15-0096
FILED 9-15-2015

Appeal from the Superior Court in Maricopa County
No. JS17105
The Honorable Linda H. Miles, Judge *Retired*

**AFFIRMED**

COUNSEL

David W. Bell, Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Erika Z. Alfred
*Counsel for Appellee Department of Child Safety*

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Chief Judge Michael J. Brown joined.

C A T T A N I, Judge:

¶1            Tanya N. ("Mother") appeals from the superior court's order terminating her parental rights as to her son M.N.  For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2            M.N. was born in July 2013.  During Mother's pregnancy, DCS received several reports of substance abuse and domestic violence. Mother admitted to using marijuana, and she tested positive for marijuana at a prenatal visit.  Following M.N.'s birth, he was immediately placed in a temporary placement with two of his siblings.

¶3            In August 2013, the Arizona Department of Child Safety ("DCS") filed a petition to terminate Mother's parental rights as to M.N. based on chronic substance abuse and that her parental rights to another child had been terminated on the same basis within the preceding two years.  *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(3), (10).[1]  Mother appeared at a pretrial conference, which was reset to allow for a mediation hearing.

¶4            Mother failed to appear, however, at the next pretrial conference.  The superior court found that Mother's failure to appear was without good cause, and that she would thus be deemed to have admitted the allegations in the petition.  Mother filed a motion for reconsideration asserting good cause for failing to appear, arguing that her counsel had sent her four letters that listed incorrect court dates.  The court denied Mother's motion, noting that she had been provided sufficient notice through other means.

¶5            At the severance trial, DCS called two case workers to testify. One case worker testified that Mother admitted to not participating in any services concerning the prior dependency case and to continuing to smoke

---

[1]       Absent material revisions after the relevant date, we cite a statute's current version.

marijuana every other week during her pregnancy. A second case worker testified that Mother failed to regularly participate and comply with provided services, including urinalysis testing, supervised visits, and parent-aide sessions. The case worker also testified that Mother had failed to remedy the substance abuse problem that lead to the termination of her parental rights to another child, Z.N.

¶6        The superior court terminated Mother's parental rights, finding that DCS had proven both of the two asserted grounds for severance and that severance would be in M.N.'s best interests. Mother timely appealed, and we have jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

¶7        Mother argues that the superior court erred by failing to recognize that good cause existed for her non-appearance at a pretrial hearing. She also asserts she was denied effective assistance of counsel because counsel did not properly advise her of the hearing date, and her absence resulted in her being deemed to have admitted the allegations against her.

## I.        Mother's Failure to Appear.

¶8        Mother argues that the superior court denied her due process by deeming the allegations against her admitted based on her failure to appear at the pretrial hearing. Mother argues that she established good cause for her absence by showing that her counsel's letters confused her regarding the correct court date.

¶9        Rule 64(C) of the Arizona Rules of Procedure for the Juvenile Court requires that a parent be advised of all hearing dates and of the consequences of failing to appear:

> A notice of hearing shall accompany the motion or petition for termination of parental rights and shall advise the parent . . . of the location, date and time of the initial termination hearing. . . . [T]he notice of hearing shall advise the parent . . . that failure to appear at the initial hearing, pretrial conference, status conference or termination adjudication hearing, without good cause, may result in a finding that the parent . . . has waived legal rights, and is deemed to have admitted the allegations in the motion or petition for termination. The notice shall advise the parent . . . that the hearings may go forward in the absence of the parent . . . and may result in the

termination of parental rights based upon the record and evidence presented.

Ariz. R.P. Juv. Ct. 64(C); *see also* A.R.S. §§ 8-537(C), -863(C); A*drian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 98 n.3, ¶ 5, 158 P.3d 225, 227 n.3 (App. 2007).

**¶10** The superior court has wide discretion in assessing good cause for failing to appear, and we review such a finding for an abuse of discretion. *Adrian E.*, 215 Ariz. at 101, ¶ 15, 158 P.3d at 230. We defer to such findings because the superior court is in the best position to weigh evidence and assess witness credibility. *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 305, ¶ 19, 173 P.3d 463, 469 (App. 2007).

**¶11** Here, we find no abuse of discretion in the court's determination that Mother did not establish good cause for her failure to appear at the pretrial hearing. Mother was aware of the consequences of failing to appear by virtue of receiving and acknowledging her receipt of Form III on September 6, 2013 and at the initial termination hearing on September 24, 2013. Mother was informed as early as the May 20, 2014 report and review hearing that the next pretrial conference would be held on September 3, 2014. The record also indicates that Mother received three additional notices of the September 3, 2014 hearing from a DCS case worker shortly before the hearing. DCS thus complied with the requirements of Rule 64 by providing Mother with notice of her rights as well as the dates and times of future court hearings. Accordingly, the court did not abuse its discretion by denying Mother's motion. *See Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 281–82, ¶ 9, 237 P.3d 632, 634–35 (App. 2010) (holding that parent's knowledge of the date and time through a mailed Form III is sufficient notice).

**¶12** Mother's non-appearance notwithstanding, any possible error in the court's finding that Mother did not establish good cause was harmless because overwhelming evidence supported the superior court's termination order. Given Mother's admitted history of substance abuse over a 10-year period, DCS established a pattern of substance abuse that is likely to continue for an indeterminate period of time. Mother testified to having a lengthy history of substance abuse beginning with marijuana abuse at the age of 13. Mother further admitted to using Percocet and benzodiazepines while she was pregnant with M.N. and her other children. Mother tested positive for benzodiazepines during her delivery of M.N.'s younger sibling, C.N. Additionally, it is undisputed that Mother's rights to another child were previously terminated on the same basis.

¶13       Furthermore, the record supports the superior court's finding that terminating Mother's parental rights was in M.N.'s best interests. M.N. is in an adoptive placement with someone who has adopted two of M.N.'s older siblings. The superior court's finding that M.N. is adoptable satisfied the court's responsibility to assess M.N.'s best interests. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5, 982 P.2d 1290, 1291 (App. 1998).

## II.    Ineffective Assistance of Counsel.

¶14       Mother asserts she is entitled to relief because her counsel sent letters stating incorrect dates for her pretrial hearing and was thus ineffective. But as previously noted, Mother was provided adequate notice of the hearing through other means.

¶15       Because Mother otherwise fails to establish prejudice resulting from counsel's performance, we need not consider whether she has shown whether counsel was ineffective. *See John M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 320, 325, ¶ 17, 173 P.3d 1021, 1026 (App. 2007) (noting that because father did not establish prejudice resulting from counsel's alleged ineffectiveness, "we need not determine whether Arizona recognizes ineffective assistance of counsel as a separate ground for relief in an appeal of a termination order or resolves an allegation of counsel's inadequacies as a due process claim"); *see also State v. Atwood*, 171 Ariz. 576, 600, 832 P.2d 593, 617 (1992) ("If an ineffectiveness claim can be rejected for lack of prejudice, the court need not inquire into counsel's performance.").

¶16       Thus, the superior court did not abuse its discretion by finding that Mother did not establish good cause for her failure to appear at a pretrial hearing or by terminating Mother's parental rights.

CONCLUSION

¶17       For the foregoing reasons, we affirm the superior court's order terminating Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: ama