NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ASHLEY W., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY,
T.W., T.T., T.W., J.W., *Appellees*.

No. 1 CA-JV 17-0203
FILED 10-24-2017

Appeal from the Superior Court in Maricopa County
No. JD31473
The Honorable Cari A. Harrison, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee DCS*

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

J O H N S E N, Judge:

¶1        Ashley W. ("Mother") appeals the superior court's order terminating her parental rights to her four children.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        In October 2015, the Department of Child Safety ("DCS") filed a dependency petition, alleging Mother was unable to provide stable and safe housing for her children and had neglected them due to her substance abuse.  The superior court found the children dependent and adopted a case plan of family reunification concurrent with severance and adoption.

¶3        DCS offered Mother a variety of services, including substance-abuse treatment, psychological evaluation and counseling, a parent aide, and visitation, but she did not consistently participate.  During this time, Mother often tested positive for marijuana or cocaine, and she stopped submitting to drug testing after August 2016, when she tested positive for amphetamine, cocaine metabolites and THC.  Mother also stopped attending court proceedings in this matter, although her counsel appeared at all hearings.  In October 2016, the court changed the case plan to severance and adoption.

¶4        In November 2016, DCS filed a petition for termination of Mother's parental rights, alleging the children had been in out-of-home placement for nine months and, despite DCS's diligent efforts to provide reunification services, Mother had substantially neglected or willfully refused to remedy the circumstances that caused the placement.  *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(8)(a) (2017).[1]  After a contested hearing, the superior court found that DCS proved the statutory grounds by clear and

---

[1]        Absent material revision after the relevant dates, we cite the current version of statutes unless otherwise indicated.

convincing evidence and, by a preponderance of the evidence, that termination was in the children's best interests.

**¶5** Mother failed to timely file a notice of appeal, but the superior court allowed her to file a late appeal. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A) (2017), 12-2101(A) (2017), 12-120.21(A) (2017) and Arizona Rules of Procedure for the Juvenile Court 103 and 104.

## DISCUSSION

**¶6** Mother does not challenge the superior court's findings regarding the statutory ground for severance or the children's best interests; she argues only that the court erred because she did not receive effective legal representation during the termination proceeding.

**¶7** In reviewing a claim of ineffective assistance of counsel, the "ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *John M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 320, 324, ¶¶ 13–14 (App. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 696 (1984)).[2] We presume Mother's counsel provided competent assistance, *see State v. Bennett*, 213 Ariz. 562, 567, ¶ 22 (2006), and Mother must prove that her counsel's conduct fell below the standard of professional competence and demonstrate a reasonable probability that "but for counsel's errors, the result would have been different." *John M.*, 217 Ariz. at 325, ¶ 18 (citation omitted); *Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 282, ¶ 10 (App. 2010). Further, counsel's errors must have been so egregious that they undermine confidence in the outcome of the proceeding. *John M.*, 217 Ariz. at 325, ¶ 18.

**¶8** Mother has provided no basis for us to conclude that the severance proceedings in her case were fundamentally unfair or that, had her counsel conducted himself differently, the superior court would have reached a different result. *Id.* at 325, ¶ 19. Mother's only argument as to her counsel's alleged ineffectiveness is that he failed to respond to an email she sent him on January 30, 2017, inquiring about the status of her case. By the time of her email, however, the superior court already had terminated her

---

[2] Arizona courts have not explicitly decided whether a claim of ineffective assistance of counsel may justify relief in a termination proceeding. *See John M.*, 217 Ariz. at 322–24, ¶¶ 8–12. Here, we assume without deciding that Arizona law would permit relief based on a claim of ineffective assistance of counsel. *Id.* at 325, ¶ 17.

parental rights, and any resulting prejudice to her ability to timely appeal that decision was cured when the court allowed her to file a late notice of appeal.

**¶9**        Accordingly, Mother has provided no basis for this court to vacate the termination of her parental rights because of ineffective assistance of counsel. *See Pima County Severance Action No. S-2397*, 161 Ariz. 574, 577–78 (App. 1989) (affirming termination of parental rights where a parent failed to establish that her counsel's performance was both incompetent and prejudicial).

### CONCLUSION

**¶10**        For the foregoing reasons, we affirm the superior court's order terminating Mother's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:  AA