NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE: MH2018-006681

No. 1 CA-MH 18-0080
FILED 9-12-2019

Appeal from the Superior Court in Maricopa County
No. MH2018-006681
The Honorable Amy Michelle Kalman, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Anne C. Longo
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Anne H. Phillips
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**W I N T H R O P**, Judge:

¶1        Appellant appeals a superior court order for involuntary mental health treatment.  Appellant argues the order should be vacated because the court violated his due process rights by failing to make a finding on the record that he knowingly and voluntarily waived his right to be present at a hearing for an involuntary evaluation pursuant to Arizona Revised Statutes ("A.R.S.") section 36-529(D).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Appellant has a history of mental health issues and has previously undergone court-ordered treatment at least five times.  In late 2018, Appellant was undergoing an outpatient session of on-going court-ordered treatment.  He told various clinical staff that he did not have a mental illness and he intended to stop taking his medication and engaging with the clinical staff once his current court order expired.  Prompted by this information, the clinical staff filed an application for involuntary evaluation and a petition for a court-ordered evaluation pursuant to A.R.S. § 36-523.  The petition alleged Appellant refused to consistently take his medication and had displayed odd behavior, such as buying feminine products and defecating in the bathtub.  A signed detention order for evaluation and notice was sent to Appellant on October 25, 2018, and he was involuntarily hospitalized for evaluation on October 26.

¶3        Appellant requested a hearing to determine whether he should continue to be involuntarily hospitalized pending the psychiatric evaluation pursuant to A.R.S. § 36-529(D).  The superior court scheduled a hearing for October 30, 2018.  Counsel was appointed for Appellant, and he received notice of the scheduled hearing.  Appellant was not present at that hearing, and his attorney asked the court to waive his presence.  Appellant's attorney cross-examined the witness called by the State and offered argument on Appellant's behalf.  At no time during the hearing did Appellant's counsel explain why Appellant was not at the hearing.

¶4 At conclusion of the hearing, the court ordered that Appellant continue to be detained pending the psychiatric evaluation. The State then filed a petition for court-ordered treatment. On November 2, the court issued a detention order for treatment and notice to Appellant, pending a hearing on the petition for court-ordered treatment. On November 5, the court held a hearing and found Appellant to be persistently or acutely disabled, then ordered Appellant to undergo court-ordered treatment.

¶5 Appellant filed a timely notice of appeal from the treatment order. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 36-546.01.

## ANALYSIS

¶6 Appellant argues the court violated his due process rights by failing to make a finding on the record that he knowingly and voluntarily waived his right to be present at the October 30 involuntary evaluation hearing.

¶7 Appellant raises an issue in this appeal that was not argued before the superior court. Even so, Appellant asserts we should reach the merits because the issue is about statutory interpretation affecting a constitutional right. This court generally does not consider arguments raised for the first time on appeal except under exceptional circumstances. *In re MH 2008-002659*, 224 Ariz. 25, 27, ¶ 9 (App. 2010).

¶8 This case does not constitute an exceptional circumstance. There is no indication Appellant was prejudiced by the court accepting counsel's waiver of his presence at the October 30 hearing. The October 30 hearing was only conducted because of Appellant's request, and regardless whether the court found the seventy-two-hour detention during the evaluation necessary, Appellant was still required to go through the statutory involuntary evaluation process.[1]

¶9 Moreover, even assuming *arguendo* that Appellant's claim on appeal was not waived, he still has not made a cognizable argument for relief. Appellant argues he had no notice of the hearing, but a review of the

---

[1] The court found reasonable cause to believe Appellant was, as a result of a mental disorder, persistently or acutely disabled. *See* A.R.S. § 36-529(A) (requiring the court to determine whether "there is reasonable cause to believe that the proposed patient is, as a result of a mental disorder, a danger to self or others or has a persistent or acute disability or a grave disability").

record confirms that, through counsel, Appellant was given notice of the time and place of the October 30 hearing. Appellant does not dispute that an attorney was properly appointed to represent his interests at the evaluation hearing. General due process principles require a person be given an opportunity to be heard, and in other contexts, representation by counsel satisfies that requirement. *See Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 446, ¶ 30 (2018) (holding that due process principles are satisfied when an absent parent's counsel has an opportunity to fully participate in a termination adjudication hearing on the parent's behalf (citing *Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 283, ¶¶ 14-16 (App. 2010))). Appellant does not assert that he wanted to testify at the hearing or that his counsel inadequately represented his interests at the hearing, and we find no prejudice in our review.

¶10 Further, Appellant relies on cases interpreting § 36-539, which governs hearings for court-ordered treatment detention.[2] However, Appellant was present for that hearing on November 5. He was not present at the October 30 hearing for the *involuntary evaluation detention*, which is governed by § 36-529(D). Appellant asserts we should read into § 36-529(D) the same requirements as found in § 36-539. But the seventy-two-hour hospitalization for the involuntary evaluation under § 36-529 does not amount to the same deprivation as the court-ordered treatment. The court must only find "reasonable cause" that an involuntary evaluation is necessary. A.R.S. § 36-529(A). In contrast, under § 36-539, the court must find clear and convincing evidence that court-ordered treatment is necessary, and the deprivation of liberty for such court-ordered treatment is generally many months and can last up to a year. *See* A.R.S. § 36-540(A), (F). Additionally, the hearing under § 36-529(D) is optional and is only conducted at the request of the patient. In contrast, the hearing on the court-ordered treatment is mandatory and a court may not detain a patient without conducting it. *See* A.R.S. §§ 36-539, -540(A). Therefore, we are not persuaded by Appellant's argument to read a requirement into § 36-529(D) that the legislature clearly chose to omit.

---

[2] In reference to the court-ordered treatment hearing, § 36-539(C) states, "If the patient, for medical or psychiatric reasons, is unable to be present at the hearing and cannot appear by other reasonably feasible means, the court shall require clear and convincing evidence that the patient is unable to be present at the hearing and on such a finding may proceed with the hearing in the patient's absence."

## CONCLUSION

¶11 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA