NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NEAL I.,
*Appellant,*

v.

DEPARTMENT OF CHILD SAFETY, A.I.,
*Appellees.*

No. 1 CA-JV 21-0070
FILED 10-12-2021

Appeal from the Superior Court in Maricopa County
No. JD40132
The Honorable Lori Bustamante, Judge

**AFFIRMED**

COUNSEL

Neal I., Phoenix
*Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

¶1 Neal I. ("Father") appeals from the superior court's order finding his daughter dependent. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 Father and Heather M. ("Mother") are the biological parents of a daughter, A.I., born in November 2009. A.I. has suffered from serious mental and behavioral health issues since March 2020. She lived with Mother, but Mother could not control her behavior, which led to frequent visits from police and crisis response teams. Father's presence in his daughter's life was sporadic. He petitioned the superior court for parenting time in September 2020. And yet, he simultaneously asked the court to relieve him of his court-ordered duty to provide her insurance.

¶3 A.I.'s mental health worsened in the summer of 2020, and doctors recommended outpatient treatment, but Father neither followed up nor arranged for her care. Over the final week of October 2020, A.I. was twice hospitalized in the psychiatric unit. She was suicidal and physically violent. After the second visit, the hospital refused to release A.I. to either parent because she said she was afraid of Father and did not feel safe with her parents. The hospital contacted the Department of Child Safety, and DCS secured temporary physical custody of A.I. on October 30. A.I. was hospitalized twice more during the first week of November.

¶4 Around that time, DCS petitioned the superior court to find A.I. dependent as to Mother and Father, alleging each was "unwilling or unable to provide proper and effective parental care and control by neglecting to provide a safe and stable home environment and proper supervision and meet the child's mental and behavioral health needs."[1]

---

[1] Mother stipulated to the dependency.

DCS also claimed that A.I. needed "a [more] structured environment or higher level of care" than the family could provide.

**¶5**        In February 2021, the superior court held a contested dependency hearing, where it heard testimony from Father and the DCS case manager.  Father only challenged the allegations that he physically abused or neglected the child[2] but  did not contest the dependency itself. DCS asked the court for separate dependency and neglect findings.  The court clarified it was "not going to enter any physical abuse findings," but concluded A.I. was dependent under A.R.S. § 8-201(15)(a)(i) finding:

> Father is unwilling or unable to provide proper and effective parental care and control by neglecting to provide a safe and stable home, proper supervision and failing to meet the mental and behavioral health needs of the child.  Arrowhead Hospital labeled the child's issues as behavioral specifically triggered by her parents.  Father has failed to ensure the child receives proper mental and behavioral health treatment and continues to lack involvement in the child's mental and behavioral health issues.

**¶6**        Father appealed.  We have jurisdiction.  *See* Ariz. Const. art 6, § 9; A.R.S §§ 8-235, 12-120.21(A)(1), 12-2101(A)(1).

## DISCUSSION

**¶7**        We review the superior court's dependency order for an abuse of discretion, accepting its findings of fact unless clearly erroneous and affirming the order unless it is unsupported by reasonable evidence. *Joelle M. v. Dep't of Child Safety*, 245 Ariz. 525, 527, ¶ 9 (App. 2018).

**¶8**        A dependent child includes one "[i]n need of proper and effective parental care and control and who has no parent or guardian willing to exercise or capable of exercising such care and control."  A.R.S. § 8-201(15)(a)(i).  The primary concern in a dependency case is always the child's best interests.  *Joelle M.*, 245 Ariz. at 527, ¶ 10.

**¶9**        The record contains reasonable evidence to support the superior court's decision.  A.I.'s mental health plummeted in March 2020,

---

[2]        At the hearing, DCS's attorney remarked that Father did not seem to be contesting the dependency.  The court adopted the same understanding.

culminating in four hospitalizations between October 24 and November 6. And yet, in September 2020, Father asked the court to relieve him of his duty to provide her insurance, just when his daughter needed help most. The court also heard that Father never arranged for the outpatient mental health treatment recommended by the hospital in 2020, and he missed all five Child and Family Team ("CFT") meetings leading to the dependency hearing.

¶10　　　　We are not persuaded by Father's arguments. First, Father asks this court to "reconsider the evidence," ignoring or discounting the weight of adverse evidence, but we will not reweigh the evidence on appeal. *See Joelle M.*, 245 Ariz. at 528, ¶ 18. The superior court is best positioned to weigh the evidence, observe the parties, gauge credibility and resolve questions of fact. *Id*.

¶11　　　　Second, Father contends his attorney was ineffective because the attorney did not present evidence that Father was not invited to attend the CFTs or call Father as a rebuttal witness to contest the allegations of physical abuse.[3] But, Father must show "a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different." *Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 282, ¶ 10 (App. 2010) (citation omitted). He never tries to meet this burden. What is more, the superior court did not find that Father physically abused his daughter; nor was A.I. found dependent "by reason of [the] abuse, neglect, cruelty or depravity [of] a parent." A.R.S. § 8-201(15)(a)(iii).

¶12　　　　Lastly, although the superior court never found that Father physically abused his daughter, Father fears that DCS might list him on its central registry of substantiated abuse and neglect allegations. We have no jurisdiction over this potential development. *See Iman v. S. Pac. Co.*, 7 Ariz. App. 16, 20 (1968) (claim based on "future or speculative facts" not ripe for judicial determination). If placed on the registry, Father may challenge his status under A.R.S. § 8-811(A)-(E).

---

[3]　　　　Father's opening brief offers no legal authorities or record citations in violation of our appellate rules, which might constitute waiver of the argument. *See* ARCAP 13(a)(7)(A); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). In our discretion, however, we reach the merits based on our review of the record. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (recognizing that courts prefer to decide each case upon its merits rather than dismissing on procedural grounds).

**CONCLUSION**

¶13        We affirm the superior court's dependency finding under A.R.S. § 8–201(15)(a)(i).



AMY M. WOOD • Clerk of the Court
FILED:    AA